116     565
22 SC ²622

# THE PASSENGER CONDUCTORS' LIFE INS. CO. v. BIRNBAUM.

ERROR TO THE COURT OF COMMON PLEAS NO. 3, OF
PHILADELPHIA COUNTY.

Argued January 14, 1887—Decided October 3, 1887.*

1. The right of B., a member of a mutual association, to its death benefits, was dependent upon his payment, within a limited time after notice, of assessments made by the secretary after approval by the board of directors of the proofs of a member's death. The board of directors received notice of the death of S., another member, but not the required proofs. A resolution was passed that when the proofs should arrive and be approved by the chairman of the board, the secretary should make the assessment and send notices—the usual mode when proofs had not come to hand. The proofs of the death of S. were received, approved by the chairman, an assessment made, and notice sent to B. B. neglected to pay within the required time, and was marked delinquent. Subsequently B. died without having paid the assessment. In an action by B.'s widow to recover from the association the sum claimed to be payable on the death of B., *Held*, that the assessment and notice were valid, and that as B. was in default his widow could not recover.
2. After a trial upon the merits, a judgment will not be reversed for a variance between the averments of the declaration and the proofs, where the objection was not made in the court below.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.; CLARK, J., absent.

No. 178 July Term 1886, Sup. Ct.; court below, 387 December Term 1884, C. P. No. 3.

The action was in assumpsit by Sarah F. Birnbaum, widow of Charles N. Birnbaum, deceased, against The Passenger Conductors' Life Insurance Company of the United States. The declaration averred—

In the first count: That Charles N. Birnbaum was a member of defendant company, and that defendant, for a sufficient consideration, " did promise, agree and undertake to and with

---

* An opinion, reported in 19 W. N. 277, affirming the judgment of the court below in this case, was filed on March 21, 1887, but afterwards withdrawn.

the said Charles N. Birnbaum, . . . . . that if he, said Charles N. Birnbaum, should die, being still a member of defendant company and intestate, that then and in such case defendant should and would pay to the widow of said Charles N. Birnbaum, a certain sum of money, to wit, $3,200." . . . . . That Charles N. Birnbaum died intestate, a member of defendant company, and that plaintiff is his widow.

In the. second count: That "defendant . . . . . did agree, promise and undertake . . . . . to and with Charles N. Birnbaum, the then husband of plaintiff, for a sufficient consideration, that if he, said Charles N. Birnbaum, should die without having disposed by his will of the money, to wit, $3,200, which was to be paid on his death, . . . . . then said defendant should and would pay, or cause to be paid, unto the plaintiff the said $3,200, provided said Charles N. Birnbaum had fulfilled his duties as set forth in the constitution and by-laws of defendant company," averring the fulfillment of his said duties by said Charles N. Birnbaum, his death intestate, and that plaintiff was his widow, etc.

In the third count: A promise the same as in the first count, and averring that Charles N. Birnbaum had fulfilled his duties, and that he had endeavored to fulfill his duties as a member of defendant company, but was prevented by the act of the defendant.

The defendant pleaded *non assumpsit* to the first and second counts and demurred to the third count, and for cause showed that said third count was inconsistent with itself, alleging full performance by the decedent and then alleging matter of excuse for non-performance; also that the count avers matter of evidence, and in other respects is informal and uncertain. This demurrer was overruled,[1] and the defendant then pleaded to this count, "non assumpsit."

On the trial the plaintiff put in evidence the constitution and by-laws of defendant, and the certificate of membership of Charles N. Birnbaum, deceased. It was admitted that the deceased was the husband of the plaintiff and died May 12, 1883. The defendant company was incorporated by act of March 14, 1871. Its secretary was then called by the plaintiff and testified that the deceased, on April 1, 1883, had been marked as a delinquent upon the company's books upon assess-

ment No. 117, made January 1, 1883, upon the death of R. L. Skinner. At the meeting of December 5, 1882, the secretary submitted to the board of directors the notice he had received of the death of R. L. Skinner. The proofs of death not having arrived, the board directed the chairman of the board to examine them when they should arrive, and if found correct, he, the secretary, was to make the assessment and issue notices. The proofs afterwards came, were examined by the chairman of the board of directors, who found them correct, approved them, and assessment No. 117 was made accordingly. There was no other meeting of the board until March, 1883. The plaintiff's husband did not pay assessment No. 117, nor did he pay two other assessments, Nos. 118 and 119, made February 1, 1883, upon the deaths of two other members. On May 12, 1883, the number of members was about 807.

By the constitution of the defendant company its "members shall only be conductors of passengers or mixed passenger and freight trains." By the by-laws, it is made the duty of the board of directors " to order an assessment of two dollars per member for the benefit of the person or persons entitled to receive such assessments upon the death of any member." And the by-laws provide further:

When the death of a member of this company occurs, notice must be sent to the president and secretary, also a certificate from the attending physician, sworn to before a notary public, justice of the peace, or a clerk of a court of record, which must state the cause, time and place of death; also a notice of who, as representative of the decedent, is entitled to receive the benefits, giving the full name of such person, whether executor, widow or administrator. No assessment to be ordered by the board of directors, until the provisions of this section are complied with.

Upon the receipt of the proof of the death of a member as hereinbefore provided, the secretary shall submit said proof to the board of directors, and with their approval shall make the assessment, copies of which shall be sent to each corresponding member for the members on his road or division, and to each member not belonging to a road or division having such corresponding member.

Each member shall, upon receipt of notice of an assessment,

forward to the secretary and treasurer, or pay over to corresponding member the sum of two (2) dollars for the benefit of the person or persons entitled to receive the same on account of the death of a member; such money to be forwarded or paid over in time to be received by the secretary and treasurer within ninety (90) days of the date said assessment has been made.

At the expiration of ninety (90) days from the date of assessments, the secretary and treasurer shall pay over such amounts as may have been collected on such death assessments to the party or parties entitled to receive the same, and said party or parties shall receipt for the amount so received, and release the company from any further liability.

All assessments must be received by the treasurer within ninety (90) days after notice thereof shall have been sent by the treasurer to the corresponding member of each road or division, and to each member not belonging to a road or division having such corresponding member. The corresponding member is the agent of the individual members of his road or division, and this company shall not be liable for the omission of a corresponding member to notify the individual members of his road or division of any assessment, or for his omission to remit amounts collected by him for such assessments ; and no assessment shall be considered as having been paid until actually received by the treasurer, whose receipt shall be the only evidence of such payment.

In case the assessment due by any member shall not have been paid .by him and received by the treasurer within ninety days after notice of its assessment shall have been sent by the treasurer to the corresponding member of the road or division to which such member may belong (or in case such member does not belong to a road or division having a corresponding member, then within ninety days after notice shall have been sent by the treasurer to such member), then such person shall immediately cease to be a member of this company, and shall immediately forfeit all the rights, privileges and benefits thereof.

The conduct or action of any officer or agent of this company shall not be construed as having waived, changed, or modified any of the provisions of this article.

At the close of plaintiff's case the defendant asked for a nonsuit on the ground that the plaintiff had shown no cause of action, which motion was refused. No points were submitted and the court charged the jury :

[The evidence establishes the membership of deceased, at the time of his death. Under the constitution of defendant, thereupon it was the duty of the company to order an assessment, which it did not do. It would require an assessment of two dollars upon each member, and it is as if the assessment on plaintiff's death had been made. The defence is that defendant was delinquent in not having paid assessment No. 117, heretofore made on death of Skinner, which occurred prior to January 1st, 1883. If this January assessment had been properly made, the defence would be complete, but inasmuch as the assessment No. 117 was not made according to the constitution and by-laws, we must regard that assessment as illegal, and as if it never had been made, and the association had no right to strike plaintiff from membership. He was a member at the time of his death, and as such had a right to recover, and your verdict should be for the plaintiff.][2]

Under this charge there was a verdict for the plaintiff for $1,802.09. A motion for a new trial and in arrest of judgment was refused, and judgment entered. Thereupon the defendant took this writ assigning error :

1. In overruling defendant's demurrer.[1]

2. In not charging that plaintiff had failed to make out her case under the pleadings.

3. In charging the jury that the verdict should be for the plaintiff.

4. In that part of the charge embraced in [ ] [2]

*Mr. John Samuel* (with him *Mr. Norris S. Barrett*) for the plaintiff in error :

1. The *narr.* avers a promise to pay absolutely a certain sum. The proof was of a promise (if any at all) to assess each member two dollars and to pay over what was collected, a substantial variance : 1 Chitty Pl. 308 and notes ; Stump v. Hutchinson, 11 Penn. St. 533. It was not demurrable, because the promise as laid was a good cause of action, and the variance is not cured by verdict. The objection is substantial, not tech-

nical. The defendant below is not an insurance company. It is a mere machine to collect assessments. The money it collects on a member's death does not belong to it, but to the nominee or representative of the deceased member, yet the judgment entered is a general one, binds all assets: Curtis v. Insurance Co., 48 Conn. 98; Central Telephone & Supply Co. v. Thompson, 112 Penn. St. 118; Com. v. Nat. Mut. Aid Assn., 94 Idem 488; Ohio v. Mut. Prot. Soc., 26 Ohio 19; Seitzinger v. New Era Life Ass'n, 111 Penn. St. 557; Hodge's App., 8 W. N. 209; Morrell's Est., 8 Idem 183; Williams' App., 92 Penn. St. 69; Vollman's App., Idem 50; Thompson v. Adams, 93 Idem 55; Folmer's App., 87 Idem 133.

2. There is no pretence of any property in the hands of the defendant company for plaintiff's use; hence she cannot sustain an action in her own name: Torrens v. Campbell, 74 Penn. St. 475; Guthrie v. Kerr, 85 Idem 308; Fairchild v. Ins. Co., 51 Vt. 613.

3. The course adopted by the company in making the assessment upon Skinner's death was in exact accordance with the by-laws.

*Mr. Henry Budd* (*Mr. W. R. McAdam, Jr.*, with him) for defendant in error:

1. Assessment No. 117 and the subsequent ones were without any authority from the board of directors as a board; hence, at the time of Birnbaum's death, there was no assessment he was bound to pay, or for which the time for payment had expired: Roswell v. Equitable Aid Union, 15 Rep. 5. The defendant company made a contract to pay over to the widow a sum not exceeding $3,000, to be raised by assessments which it was the duty of defendant to make. The books showing the membership were with the defendant; the plaintiff had the right to assume that the maximum had been reached, leaving it to the defendant to reduce the number by showing the fact.

2. The right of a third person for whose benefit a promise is made, to sue in assumpsit upon it is well settled: Marchington v. Vernon, 1 Bos. & P. 101; Strohecker v. Grant, 16 S. & R., 239; Hubbert v. Borden, 6 Wh. 93; Blymire v. Boistle, 6 W. 183.

3. As to the contention that there is a variance between the *narr.* and the proof, incurable by verdict, it is enough that in this state whatever is amendable will be considered here as having been amended: Kelsey v. National Bank of Crawford County, 69 Penn. St. 426; and when there has been a trial on the merits, and the defendant not misled, a verdict will not be disturbed: Brown v. Gilmore, 92 Idem 40.

OPINION, MR. JUSTICE PAXSON:

We think the court below erred in instructing the jury that assessment No. 117, upon the death of Skinner, was illegal.

The only testimony upon this point was that of Walker Lackey, the secretary and treasurer of the defendant company, called by the plaintiff. He said: " At the meeting of December 5, 1882, there were present of the directors, Southwick, Gordon and Kenney. I submitted to the board at that meeting the notice I had received of the death of Richard L. Skinner. The proofs of his death not having arrived, the board directed the chairman of the board of directors to examine them when they should arrive, and, if found to be correct, I was instructed to issue notices of an assessment. The proofs afterwards came, were examined by the chairman of the board of directors, who found them correct and who approved them, and assessment No. 117 was made accordingly. No other meeting of the board of directors was held until March, 1883. . . . . . There was no other vote of the board of directors ordering assessment. . . . . . As the proofs of Mr. Skinner's death not being made at the December meeting could not have been acted on by the board until March, in order that his representatives should not be delayed in getting their money, it was directed that when the proofs should arrive, if found correct by the chairman of the board of directors, and approved by him, I was directed to issue notice of assessments. This was the ordinary custom of the board where the proofs of death had not come to hand with notice of death, and was done for the convenience of members, so that money to which they were entitled could be sooner collected and paid over."

It is conceded that if Birnbaum was in default his widow has no claim. That he did not pay assessment No. 117 is not disputed. It is said, however, that it was illegally assessed.

That it was done in entire good faith can hardly be questioned. That it was done in such manner as to save delay and give the deceased member's family their money as early as practicable, seems equally clear. The mode of making the assessments was the usual mode; it was done by a mutual association of which Birnbaum was a member, and it was admittedly a just and proper assessment, one which the company was bound in good faith to make.

The principal objection to the assessment is that it was not made by the board, but by the chairman of the board. We do not so understand the testimony. The assessment was ordered by the board, subject to the approval of the proofs of loss by its chairman. Section 4 of the by-laws expressly provides that the chairman shall "approve all proofs of death for which an assessment is to be ordered." The fact of the death of Skinner was before the board in December, but the proofs required by the rules had not come in. When received in proper form the duty of ordering an assessment followed of course. We do not think what the board did in the matter was so irregular as to be void and to justify Birnbaum in refusing to pay his dues.

There would have been more force in the point that the allegata and the probata did not agree, if such an objection had been made upon the trial of the case. While it is conceded that the *narr.* does not set out the cause of action properly, the case has been tried upon the merits, and we would not disturb the judgment on that ground. The court below could have allowed an amendment if the point had been taken on the trial. We will allow it here, and consider the *narr.* amended.

Upon the whole, we are of opinion that the judgment must be reversed. We could have said this before if the paper book of the plaintiff in error had contained any evidence that an exception had been taken below.

The opinion heretofore filed is now withdrawn, the judgment entered thereon vacated, and the judgment below

Reversed.