# Walter *v.* Transue, Appellant.

*Landlord and tenant—Tenancy at will—Tenancy from year to year—Pa-rol lease.*

An entry under a parol lease for five years constitutes a tenancy at will, and if this tenancy is continued for almost two years, and the parties rec-ognize its existence as rightful, and rental is claimed and paid, the estate

instead of continuing to be a lease strictly at will, becomes a lease from year to year, so that the tenant can only be put out of possession at the end of the year upon having received three months' previous notice to quit.

*Landlord and tenant—Eviction—Variance—Parol lease.*

In an action by a tenant against his landlord for an alleged wrongful eviction, where the tenant testifies that he entered under a parol lease for five years, occupied the premises for nearly two years, paid rental, and thereby became a tenant from year to year, a variance as to the amount and character of the rental between the statement and the proofs, is immaterial. In such a case whether the entry was under a parol lease for five years, as averred by the tenant, or under a parol lease for a portion of a year, as averred by the landlord, the latter could not have been mislead by the allegation of the statement as to the rental, and his defense must have been the same whether the rent was that averred in the statement, or that testified to at the trial.

Argued Jan. 14, 1903. Appeal, No. 269, Oct. T., 1901, by defendant, from judgment of C. P. Northampton Co., Jan. T., 1897, No. 8, on verdict for plaintiff in case of William L. Walter v. Aaron Transue. Before BEAVER, SMITH, W. D. PORTER and MORRISON, JJ. Affirmed.

Assumpsit for an alleged wrongful eviction. Before SCHUYLER, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points:

1. The plaintiff having averred in his statement a verbal agreement under which the rent of the proposed term of five years was to be $50.00 for the first year, and thereafter a royalty of twenty-five cents per thousand for marketable bricks manufactured, and the plaintiff's own testimony being that as to the years of the proposed leasing after the first year the royalty or rent was to be in money or bricks as the parties might thereafter agree, there was a fatal variance between the contract as declared on and the actual arrangement as testified to by the plaintiff himself. *Answer:* That point is refused. [1]

2. It appearing from the plaintiff's own testimony that the terms of the alleged contract of leasing as to the royalty or rent for the occupancy of the premises to be leased after the first year of the five years for such lease to be made, were left undetermined at the time of the making of the alleged contract, and as to whether such rent or royalty should be money or bricks, the

minds of the parties did not come together and agree, but the terms as to such royalty or rent were left to future negotiations; there was no such contract to lease the brickyard in question for five years as would entitle the plaintiff to recover in the present action, and the verdict must be for the defendant. *Answer:* Refused. [2]

3. The plaintiff's own testimony being that a part of the terms of the alleged contract for a lease were left undetermined and subject to a future agreement between the parties, there was no such contract of leasing or agreement for a lease as would support the present action. *Answer :* Refused. [3]

4. Even if the contract as testified to by the plaintiff was a complete contract, and all the terms thereof ascertained and agreed on, it was but a parol agreement to make a lease for five years, and plaintiff having entered upon the possession of the premises without having insisted upon or received a written lease for such term, he was in the premises but as a tenant at will, which tenancy could be terminated at the pleasure of the defendant, and having received a notice from the defendant to quit the premises on April 1, 1896, and being in possession with knowledge that such tenancy could at any time be terminated at the will of the defendant, he was required to leave at the time indicated, and would have no right to recover damages by reason of such termination of the tenancy or any eviction therefrom on or after said last mentioned date. *Answer :* Refused. [4]

5. Under the pleadings in the cause there can be no recovery in damages by the plaintiff for an eviction from a tenancy, or interference with the quiet enjoyment of the brickyard premises by the defendant, as a tenant thereof, on or after April 1, 1896. *Answer :* Refused. [5]

6. According to the plaintiff's own testimony there was a voluntary abandonment of the premises in question before April 1, 1896, and consequently any evidence as to the building of a fence, or any other act tending to exclude the plaintiff from the premises on or after the said April 1, is immaterial, and such act would not constitute an eviction or breach of any covenant for quiet enjoyment of the premises for which plaintiff would be entitled to recover in damages in the present action. *Answer :* Refused. [6]

22. Under all the evidence the verdict must be for the defendant.   *Answer :* Refused. [18]

Verdict and judgment for plaintiff for $450.   Defendant appealed.

*Errors assigned* were (1–6, 18) above instructions, quoting them.

*H. J. Steele* and *W. S. Kirkpatrick*, for appellant.

*A. B. Howell*, with him *Russell C. Stewart*, for appellee.

OPINION BY W. D. PORTER, J., May 4, 1903:

The plaintiff's statement averred that he entered upon defendant's land in the spring of the year 1894 under a parol agreement for a lease for a term of five years ; the rental for the first year to be $50.00, and thereafter a royalty of twenty-five cents per thousand for marketable bricks manufactured ; that in pursuance of the agreement he erected the necessary buildings for the manufacture of brick and expended large sums of money during the years 1894 and 1895 ; that the defendant, in violation of said parol contract, wholly excluded him from said property and refused to permit him to occupy same, on April 1, 1896, and took possession of and retained all the buildings and trade fixtures, which under the terms of the lease the plaintiff had a right to remove during the term of his lease.   The defendant, under the rules of the court of common pleas of Northampton county, filed an answer at length, and the plaintiff filed a replication thereto.   The answer of the defendant denied the averment that there had been an oral agreement to execute a lease for the term of five years, and alleged that the original term was for a part of a year only, ending on April 1, 1895, at the rental of $50.00 ; that in the winter of 1895 a second verbal agreement of letting was entered into for the year from April 1, 1895, to April 1, 1896, the rental to be paid being fifty bricks out of each thousand marketable bricks manufactured. The answer and the replication leave no doubt that the parties dealt with the plaintiff's occupancy of the premises as rightful and subject to the payment of rent, and that they mutually accounted to each other for the rental during the year and ten

months of plaintiff's possession. The entry under the parol lease for five years constituted a tenancy at will; that tenancy having continued for almost two years, and the parties having, during that period, recognized its existence as rightful, the defendant having claimed and the plaintiff having paid or admitted liability for the rental, the estate instead of continuing to be a lease strictly at will, would thereby become a lease from year to year, so that the defendant could only be put out of possession at the end of a year, upon having received three months' previous notice to quit: McDowell v. Simpson, 3 Watts, 129; Dumn v. Rothermel, 112 Pa. 272; Walter v. Transue, 17 Pa. Superior Ct. 94. It is true that the statement did not specifically aver the existence of a tenancy from year to year, but the facts from which such a tenancy would arise were sufficiently alleged in the pleadings. If the disputed facts were determined in favor of the plaintiff, he had been evicted before the expiration of the year for which he had the right to occupy the premises, and had been deprived of the right to remove his fixtures. The injury complained of was the eviction.

The plaintiff upon the trial testified that there had, on May 22, 1894, been an oral agreement for a lease for the term of five years, the rent for the first year to be $50.00, and the rent for subsequent years to be twenty-five cents or fifty bricks for each thousand marketable bricks manufactured, as the parties might subsequently agree. The defendant now contends that because of the variance between the terms of the contract as averred in the statement and as testified to by plaintiff upon the trial the plaintiff ought not to have been permitted to recover. The contract as testified to by the plaintiff did not constitute a definite agreement to lease for a term of five years upon precise terms. Had a parol contract of leasing for such a period been valid, this alleged contract would still not have been enforcible, because the minds of the parties had never arrived at a final agreement. The plaintiff entered upon the premises, and the finding of the jury has settled that that entry was made under the agreement testified to by the plaintiff. Having so entered he was merely a tenant at will. The rights and liabilities of the parties, under that entry, were precisely the same as would have been an entry under the agreement averred in

the statement. The defendant was therefore not misled by the allegation of the statement, his defense must have been the same in either case. The testimony was admitted without objection, and no motion made to have it stricken out; it was revelant to the general complaint of the eviction. The allegata and the probata did not agree, but the rights of the parties were not affected thereby, and the variance could not have in any manner affected the trial upon the merits. Had objection been made to the admission of the testimony the court below would probably have sustained that objection: Passenger Conductors' Insurance Company v. Birnbaum, 116 Pa. 565; Wilkinson Manufacturing Company v. Welde, 196 Pa. 508. The court below might have allowed an amendment of the statement if objection had been made to the admission of the testimony. The learned judge was right in refusing to charge as requested in the points covered by the first five specifications of error.

The specifications of error relating to the question of an abandonment and surrender of the premises, by the plaintiff, before the alleged eviction, are not supported by the evidence. There was ample evidence to warrant a finding by the jury that the plaintiff had been actually evicted from the premises as alleged in his statement; for the court to have passed upon the question as one of law would have been error. The remaining specifications of error are subject to the same criticism, the requests for charge upon which they are founded would have required the court to pass upon questions which were for the jury.

The judgment is affirmed.