# Scranton Trust Company, Appellant, *v.* Hartshorn.

*Evidence—Writings—Books of original entry—Ledger—Destruction of old books.*

A new ledger, opened with the total balance merely of each customer's indebtedness, as shown by the old ledger, is not admissible in evidence after the destruction by fire of the books of original entry and the old ledger, where no witness is produced who is able to say that the lumping charges either in the old ledger, or in the new ledger were composed of items known to him to have been furnished to the persons sought to be charged.

Argued March 6, 1908.  Appeal, No. 60, March T., 1908, by plaintiff, from order of C. P. Lackawanna Co., May T., 1905, No. 862, refusing to take off nonsuit in case of Scranton Trust Company, Administrator d. b. n. c. t. a. of the Estate of Ambrose Mulley, deceased, v. Thomas Hartshorn.  Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Assumpsit for goods sold and delivered.  Before NEWCOMB, J. The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were in refusing to admit in evidence the ledger referred to in the opinion of the Superior Court, and in refusing to take off nonsuit.

*George D. Taylor,* for appellant, cited: Nichols v. Haynes, 78 Pa. 174; McCrady v. Jones, 36 S. Car. 136; Rigby v. Logan, 45 S. Car. 651.

*A. A. Vosburg,* of *Vosburg & Dawson,* with him *John J. Owens, Jr.,* for appellee, cited: Hoover v. Gehr, 62 Pa. 136; Huston's Est., 167 Pa. 217; Breinig v. Meitzler, 23 Pa. 156; Forsythe v. Norcross, 5 Watts, 432; Corr v. Sellers, 100 Pa. 169; Cutbush v. Gilbert, 4 S. & R. 551; Adams v. Steamboat Co., 3 Wharton, 75; Walter v. Bollman, 8 Watts, 544; Fairchild v. Dennison, 4 Watts, 258.

OPINION BY RICE, P. J., April 20, 1908:

After the death of Ambrose Mulley, who had a large retail store and conducted a large credit business, his executor carried on the business, employing a system of bookkeeping which is thus described by the plaintiff's witnesses: Each clerk had a book in which leaves were placed each morning; when a customer made a purchase on credit his name and the items and prices of his purchase were entered on one of these leaves; at night these loose sheets were taken out and bound together; and at the end of the month these were arranged chronologically in what was called a posting binder, making a sort of a book, and filed away. This, it was conceded by both parties, was the book of original entries.

Each morning the bookkeeper took the sheets above referred to and posted therefrom into the ledger under the customer's name, the date, the page of the loose leaf journal, so called, and the total amount of the purchases of the preceding day, but not the items specifying the goods and the prices of each of them. When payments on account were made, the credits were transferred from a book in which they were kept, to this ledger, and at the end of the year a balance was struck. On December 1, 1902, a new ledger was opened in which the total balance, merely, of each customer's indebtedness, as shown by the old ledgers, was entered.

In 1903 all of the books above referred to, excepting the new ledger, were destroyed by fire, and in 1905 this action was

brought for goods alleged to have been sold and delivered to the defendant prior to December 1, 1902. Upon the trial of the case, the bookkeeper, who made the entries in the old ledgers and the new ledger opened in 1902, having testified to their correctness but admitting that he could not testify from his own knowledge as to the correctness of the entries made by the clerks on the loose sheets (which as we have seen constituted the book of original entries), and the destruction of the other books having been proved, the plaintiff offered the new ledger opened in 1902 as evidence of the alleged indebtedness of the defendant for which this action was brought. The learned trial judge rejected the offer, and, no other competent evidence of the indebtedness being offered, entered a compulsory nonsuit. In his opinion refusing to take off the nonsuit, he discussed the question of evidence above raised, and concluded that the book was not admissible either as a book of original entries or as secondary evidence. We concur with him in both conclusions. The book does not purport to contain a copy or the substance of the entries in the book of original entries, which was destroyed; nor was any witness produced who was able to say that the lumping charges either in the old ledgers or in the new ledger were composed of items known to him to have been furnished to the defendant, as was the case in Nichols v. Haynes, 78 Pa. 174. As we view it, the plaintiff's case rests solely upon the proposition that the book itself was evidence of the sale and delivery of goods to the defendant and of the balance due from him therefor. We are all of opinion that the proposition cannot be sustained either on principle or authority. Even the two South Carolina cases—McCrady v. Jones, 36 S. Car. 136; Rigby v. Logan, 45 S. Car. 651—cited by the appellant's counsel, do not go as far as would be necessary in order to hold that the book was admissible under the facts stated. The argument ab inconvenienti is quite as strong against the establishment of a rule, under which hearsay so remote from the transaction would be admissible, as it is in its favor.

The judgment is affirmed.