## Reddelien *v.* Atkinson, Appellant.

*Evidence—Written instruments—Notice to produce—Secondary evidence—Check—Stub of check.*

1. A copy of a paper cannot be admitted in evidence where the original is in the possession of the opposite party, unless there has been preliminary proof of a notice to produce the original.

2. In an action to recover the amount of an alleged loan made by a decedent the fact of the loan cannot be established by memoranda made on the stubs in the check book of the decedent, on the theory that such memoranda were to be treated as entries in a book of original entries.

Argued Dec. 21, 1910.   Appeal, No. 142, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1907, No. 4, 731, on verdict for plaintiff in case of Josephine H. Reddelien, Administratrix d. b. n. c. t. a. of the Estate of Caroline N. Hollingsworth, deceased, v. Margaret D. Atkinson.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover the amount of an alleged loan from the decedent to the defendant.

At the trial when D. Webster Dougherty was on the stand he was asked this question:

"Q. Is this a copy of the letter you sent to Mrs. Atkinson?   [Witness shown letter.]   A. Yes, sir."

Mr. Meagher: I offer the letter in evidence.

Objected to.   Objection overruled.   Exception for defendant. [1]

Mr. Meagher: The letter is as follows:

"(Copy)                              Jan 23, 1908.
"Estate of Caroline N. Hollingsworth, dec'd.
"Mrs. M. D. Atkinson:
"Dear Madam:
     "The Executrix of the Estate of Caroline N. Hollingsworth, deceased, has asked me to write you in ref-

erence to a debt due by you to the estate amounting to $1160. with interest at 5½% from May 22d, 1906; the amount of principal and interest due is $1286. I would be glad to have a check from you for the amount of principal and interest at your earliest convenience.

"I am, Yours very truly

" D. Webster Dougherty"

Mr. Meagher: I propose to ask this witness, the plaintiff, to identify in whose handwriting a certain check stub is for the purpose of showing that that check stub is the check stub of the check drawn to the order of this defendant, Margaret D. Atkinson, by the decedent Caroline N. Hollingsworth on the date Mr. Dougherty has testified, November 22, 1894, in the sum of $1,000. Further than that I propose to show the entries in this check book on the other side of the check stub crediting Mrs. Atkinson with interest at various times.

Objected to. Objection overruled. Exception for defendant. [2]

"Q. I show you entry on the reverse side of the check stub opposite check No. 44, and ask you in whose handwriting that is? A. My mother's."

Mr. Meagher: I offer in evidence that entry.

Objected to. Objection overruled. Exception for defendant. [3]

Mr. Meagher: The entry reads: November 29, deposited check from M. Atkinson, first six months' interest on loan of $1,000 at five and one-half per cent due November 22, 1895. That check which I offered the date of November 29, follows the date of November 7, 1895.

"Q. I show you entry on reverse side of check stub, opposite check No. 79 and ask you in whose handwriting that is?"

Objected to. Objection overruled. Exception for defendant. [4]

"A. My mother's."

Mr. Meagher: I offer in evidence that entry reading:

"Received May 23, from M. D. Atkinson, six months' interest on the thousand dollar loan due May 20th, May 23d, following the entry being opposite checks dated May 27, 1896, May 29, 1896, following by entry June 1, 1896, preceding by entry on reverse side of check stub dated May 2d, 1896. The amount was $27.50 in both instances."

Verdict and judgment for plaintiff for $1,206.09. Defendant appealed.

*Errors assigned* among others were (1-4) rulings on evidence quoting the bill of exceptions.

*Geo. W. Harkins, Jr.,* and *E. O. Michener,* for appellant.—The ruling of the Supreme Court for a great many years has been uniform in holding that secondary evidence, such as copies of papers, cannot be offered where the original is in the possession of the opposite party, without notice to produce the original: Milliken v. Barr, 7. Pa. 23; Eilbert v. Finkbeiner, 68 Pa. 243; Pratt v. Patterson, 81 Pa. 114.

No one will question the admission of books of original entry showing the sale and delivery of goods but the authorities are uniform in holding that the loan of money or cash transactions are not the proper subject of book charge: Hale's Executors v. Ard's Executors, 48 Pa. 22: Fenn v. Early, 113 Pa. 264; McArdle's Estate, 13 Pa. Dist. Rep. 150.

*Thomas James Meagher,* for appellee.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff offered in evidence, a copy of a letter written by her counsel to the defendant, without any preliminary proof of a notice to produce the original. Though an objection was made it was overruled by the court, and the letter was received and read to the jury (first assignment).

This court held in Cottom v. Wiley, 39 Pa. Superior

Ct. 507, that it was against principle to admit a copy of any private paper without accounting for the nonproduction of the original; a copy, in its nature, is less satisfactory evidence than the original, and when the original is in the hands of an adverse party, notice should be given to him to produce it, and, that a preliminary step to receiving proof of the contents of such a paper after its existence has been shown to be in the possession of the adverse party, is proof of the notice to produce it in court at the trial. This is indispensable to the admission of the secondary evidence. Citing Patton v. Ash, 7 S. & R. 116; Carland v. Cunningham, 37 Pa. 228, and Eilbert v. Finkbeiner, 68 Pa. 243.

This has been held to be necessary in many cases, under the Act of February 27, 1798, 3 Sm. L. 303, 2 Stewart's Purdon's Digest, 1487, upon which this most salutary practice is founded. The merit of the objection is to be measured by the record at the time it is made, and this item of proof should have been excluded at the time it was offered. It is contended, however, that the defendant when on the stand, having admitted the receipt of the original letter, that this cured the error of receiving this incompetent evidence. A defendant is expected to present a defense to the claim of the plaintiff as it is offered at the trial and is not required to have on the trial books, papers, etc., which are not called for in advance, so as to enable the plaintiff to make out his case. The letter was not in court to verify it by comparison with the copy, and there was a controversy about its date. The proof of the copy was not sufficient to show that it was a duplicate, made contemporaneously with this writing, and held by the writer as such, so as to bring it within the rule laid down in Cole v. Ellwood Power Co., 216 Pa. 283; Behrens v. Mountz, 37 Pa. Superior Ct. 326, but it was offered and received as secondary evidence, without notice to produce the original, and when the motion for a nonsuit was made it should have been sustained. Standing alone this error

might not be sufficient to warrant the reversal of the judgment, if the trial had been regular in all other respects.

The plaintiff further offered in evidence, certain memoranda that were made in the check book of the decedent: one of them, in her handwriting, and one in the handwriting of her son, on the theory that they were to be treated as books of original entry, and to have the force and effect usually credited to such writings.

The evidence showed that the loan had been negotiated through the son of the decedent, who had died before the trial. There was no proof that the memorandum made by him or his mother was made at the time of the transactions referred to therein, or at any other specified time. They were not offered for the purpose of rebutting the running of the statute of limitations or, as declarations against interest, but for the express purpose of making out the claim of a loan of $1,000, by the decedent to the defendant. Neither the note, if there had been one, nor the check which represented the original loan, was offered in evidence: and all the parties who had personal knowledge of it were dead. The defendant denied that it had been her personal undertaking, and asserted that it was that of her husband. The only evidence relating to it was these writings on the check stubs, which were found among the decedent's papers.

We cannot find any authority to warrant the admission of such evidence and the objection made at the time they were offered should have been sustained.

These detached memoranda were in no sense original book entries. The earlier cases are full of expressions, that such entries are evidence at all only from necessity, and that the custom to which such necessity gave rise extended only to goods sold and labor performed, and that it was exceptional and dangerous in character and would not be extended: Fulton's Estate, 178 Pa. 78; Miller's Estate, 188 Pa. 214.

They had no legal efficacy to make this defendant liable for the original loan of money, or of any subsequent

assumption for its payment: Fenn v. Early, 113 Pa. 264; Corr v. Sellers, 100 Pa. 169; Scranton Trust Co. v. Hartshorn, 36 Pa. Superior Ct. 208.

The second and third assignments of error are sustained, the judgment is reversed and a venire facias de novo awarded.