## Shaffer *v.* Bahr, Appellant.

*Pleading—Variance—Trial on merits—Practice, C. P.*

1. A judgment for plaintiff will not be reversed by the appellate court on the ground of a variance between the plaintiff's statement and the evidence, where it appears that the defendant permitted the evidence to go in without objection, did not move to strike it out, presented no point on the subject, asked for no binding instructions, and filed no assignment of error raising the question.

2. In an action of assumpsit where the plaintiff claimed to recover a sum stated which he averred was a loan for one year, and the defendant denied that any money was loaned to him, evidence of the plaintiff at the trial that the loan was on demand, is not a variance prejudicial to the defendant.

3. The question of a variance is not for the jury to consider, but for the court to determine as a matter of law.

*Evidence—Loan or gift—Making evidence for one's self.*

4. In an action of assumpsit where the plaintiff seeks to recover money loaned, and the defendant avers that the money was a gift to his wife, it is not proper to permit the defendant to testify that he borrowed a portion of the money from his wife a few days after it was given to her, and gave a judgment note for the money.

5. In the trial of such a case it is proper for the court to refuse to charge as a matter of law that the lending of money without taking a note is contrary to the common experience of men in business dealings.

*Practice, C. P.—Trial—Misconduct of jurors—Discretion of court.*

6. The appellate court will not review the discretion of the trial court in refusing a new trial because of alleged misconduct of the jurors, where the evidence tends to support the findings of the judge, and it is not shown that there was any manifest abuse of discretion.

Argued Feb. 24, 1914. Appeal, No. 2, Feb. T., 1914, by defendant, from judgment of C. P. Sullivan Co., Feb. T., 1912, No. 12, on verdict for plaintiff in case of William Shaffer, Executor of John U. Hartzig, deceased, v. Julius Bahr. Before RICE, P. J., HENDERSON, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for money alleged to have been loaned to the defendant. Before TERRY, P. J.

At the trial the plaintiff testified that the money was not loaned to him, but was a gift to his wife. He offered to show that nine days after the alleged gift his wife had loaned him $800 of the money, and he had given her a judgment note for that sum, which had been entered up. The court overruled the offers. Exception [1, 2].

The court charged in part as follows:

[We repeat that if you find from the testimony in the case, and such is your conclusion after considering all of it, that the plaintiff gave this money to Mrs. Bahr, he cannot recover, and your verdict should be for the defendant. If, however, after considering the testimony, your conclusion is that the plaintiff loaned this $1,000 to the defendant, as alleged by him, then the plaintiff is entitled to recover.] [3]

Defendant presented these points:

3. The transaction as claimed by plaintiff in this suit is so unusual, so contrary to the common experience of men in business dealings of this kind, that the jury should scan it carefully before accepting it as true. It is flatly contradicted by the defendant and his wife, and indirectly contradicted by other evidence in the case, and is not corroborated by any evidence in the case. *Answer:* This point is not affirmed. We cannot say, as a matter of law, that it is contrary to common experience that men will not loan money without taking a note. Whether the transaction as claimed by plaintiff was unusual is for you to say. You should, however, scan the evidence carefully before accepting the contention of the plaintiff as true, and consider all the evidence in the case carefully. It is for you to determine what the contradictions in the case are. [4]

4. If the jury find from the evidence that the plaintiff, before this transaction took place, stated to Gabriel Leitzelman that he intended making a gift of this money to Mrs. Bahr, the wife of defendant, and that he stated

to Charles Yonkin during the fall of 1911, that defendant owed him $90.00, these statements would justify the jury in coming to the conclusion that this $1,000 was not loaned to defendant as claimed by the plaintiff, but, on the contrary, was a gift to Mrs. Bahr, as alleged by the defendant. *Answer:* This point is not affirmed. This testimony, however, should be considered with other evidence in the case in order to determine whether the money was a gift to Mrs. Bahr or not. [5]

Verdict and judgment for plaintiff for $1,047.    Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (2–5) above instructions, quoting them; (6–9) refusal of new trial on the ground of improper conduct of jurymen.

*E. J. Mullen,* with him *Alphonsus Walsh,* for appellant. —Plaintiff's proof did not correspond with the allegations containing his statement of claim: Clark v. Lindsay, 7 Pa. Superior Ct. 43.

The court below should have granted a new trial because of the misconduct of plaintiff with two of the jurors during the trial: DeGrote v. DeGrote, 175 Pa. 50; Snyder v. Haas, 18 Pa. C. C. Rep. 597; Com. v. Martin, 16 Pa. C. C. Rep. 140; Harvester Co. v. Hodge, 6 Pa. Dist. Rep. 378.

*J. G. Scouton,* for appellee, cited: Kroegher v. McConway, 149 Pa. 444; Kirchner v. Smith, 207 Pa. 431.

OPINION BY KEPHART, J., April 20, 1914:

John U. Hartzig, age seventy-six, on December 30, 1911, brought suit to recover from Julius Bahr, the defendant, the sum of $1,000, with interest, which he claimed to have loaned Bahr on December 8, 1910, for a period of one year. Bahr, the defendant, denied that any money had been loaned to him and averred that

Hartzig, not wanting the state to secure his money in case of death, had made a gift of $1,000 of it to his, Bahr's, wife. After verdict in the plaintiff's favor, the plaintiff died and his executor, William Shaffer, was substituted.

The plaintiff's statement declared on a loan made on December 8 "for a period of one year" and to support the allegations as to the time of payment the plaintiff testified as follows: "Q. For how long a time did you loan this money? A. He said for a year, but when necessary, that I must use that money, for me to have that money, I was to have it before. I was awful sick. Always have been more or less sick. When it was necessary, and I must use that money before, of course I was to have it. This is the only thing I must make my living from." The defendant complains that this was such a variance between the proof and the plaintiff's statement as would be fatal to the plaintiff's cause of action and devoted much of his time to the argument of this phase of his case. The defendant permitted this evidence to go in without objection. He made no motion to strike out the objectionable parts. He made no request for the withdrawal of a juror and a continuance of the case. A motion was made for a compulsory nonsuit, which the trial court overruled; no point was presented setting forth any supposed variance between the plaintiff's statement and his proof, or asking for binding instructions; nor was a judgment on the whole record asked for; and finally, no assignment of error is presented raising the question of a variance. It is too late at this time for the appellant to complain of any injury done to him by reason of this variance: Oehmler v. Pittsburg Railways Co., 25 Pa. Superior Ct. 617; Kroegher v. The McConway, etc., Co., 149 Pa. 444; Walter v. Transue, 22 Pa. Superior Ct. 617; Elder Township District v. Penna. R. R. Co., 26 Pa. Superior Ct. 112.

This suit was instituted more than one year after

the money was claimed to have been loaned. The matter complained of was testified to by an aged German in ill health whose knowledge of the use of the English language was far from perfect. The defendant denied the loan in its entirety. The variance introduced no new cause of action and was in line with the plaintiff's case and had the plaintiff asked to amend his statement, the court could have permitted it, and the defendant would not have been in any position to plead surprise inasmuch as he denied not only the loan for a year, but he denied any loan at all and he came prepared to contest the case along these lines. Whether the loan was made on demand or for a year was not material. His defense was the same in any event. The defendant was therefore not prejudiced by the variance and the court properly denied the motion for a nonsuit: Walter v. Transue, 22 Pa. Superior Ct. 617.

To corroborate the case of the defendant (that the plaintiff made a gift of this money to the defendant's wife) the defendant offered to prove that he borrowed $800 of this same money from his wife on December 17, 1910, nine days after it was given to her; and gave a judgment note for the money, which note was immediately entered. The trial court rejected this evidence and plaintiff makes such rejection his first and second assignments of error. This offer falls within the familiar rule of evidence that no person is allowed to make evidence for himself. Its weakness comes from its many possibilities for fraud and fabrication. The plaintiff knew nothing of this transaction and these acts would not aid in determining whether the money was a gift to the wife or a loan to the defendant. It was a collateral matter to the issue on trial: Reddelien v. Atkinson, 46 Pa. Superior Ct. 159; Tisch v. Utz et al., 142 Pa. 186. These two assignments of error are dismissed.

In part of the charge of the court, here the third assignment of error, the court said: "If, however, . . . .

your conclusion is that the plaintiff loaned this $1,000 . . . . as alleged by him, then the plaintiff is entitled to recover." In using the words "as alleged by him" the court, the appellant contends, "brushed aside the variance between the plaintiff's statement and his proof." The trial court had ruled that there was no. substantial variance and the question of a variance is not for the jury to consider but it is for the court as a matter of law: Smith v. Latour, 18 Pa. 243. The charge fully and fairly stated the respective claims of both parties and the law applicable thereto. This assignment of error is dismissed.

The defendant's third point, the fourth assignment of error, asked the court to charge as a matter of law that the lending of money without taking a note was contrary to the common experience of men in business dealings. The court refused to affirm this point and left it to the jury to determine whether the plaintiff's transaction was unusual. In this there was no error.

In the defendant's fourth point, the fifth assignment of error, the court was asked to declare the effect of certain of the defendant's evidence which was disputed in the case. The court refused to do this and submitted all the evidence as to the question of gift or loan to the jury. This assignment is dismissed.

The sixth, seventh, eighth and ninth assignments of error complain of the conduct of certain of the jurors and of the plaintiff and plaintiff's counsel with these jurors. It is charged, first, that one of the jurors boarded at the same house as the plaintiff and conversed with him on different topics during the trial of the case; second, that two of the jurors were seen in consultation with the plaintiff in the case during the trial; and third, that the plaintiff's counsel treated the jurors to intoxicating liquors and cigars after the verdict. As to the first and second of these charges, the trial court found as a fact that the jurors did not have any conversation with the plaintiff during the trial of this case at the

house or elsewhere. Upon an examination of the evidence the court was clearly justified in this finding. As to the third charge, the court below was satisfied that there was not sufficient merit in the charge to warrant his granting a new trial. The only witness who testified to improper conduct on the part of the jurors was the defendant in the case. In weighing this evidence, the court no doubt took into consideration the testimony that had been placed before the jury on the trial of the case, relative to this witness, as well as the depositions regarding the first and second charges of misconduct on the part of the jurors; and did not feel convinced that there was sufficient evidence to sustain an absolute finding in the matter. In Call v. Hallam Construction Co., 238 Pa. 110, Justice Elkin says: "The eighteenth assignment relates to the refusal by the court to grant a new trial on the ground of the alleged intoxication of one of the jurors. The trial courts are clothed with very great discretion in the granting or refusing of new trials. As a rule this discretion will not be disturbed by appellate courts on appeal." The court found as a fact that the evidence did not support the allegation of intoxication and the opinion concludes: "In view of this finding based upon depositions taken after the trial had been concluded, we cannot say that the learned court below abused its discretion, or that error was committed in disposing of this reason for a new trial." Owing to the meager evidence to sustain the charge these assignments of error are dismissed and the judgment is affirmed.