# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

## Floyd v. Lehigh Valley Railroad Company, Appellant.

*Practice, C. P.—Trial—Allegata and probata—Review.*

1. Where the attention of the trial court is not called to an alleged variance between the allegata and the probata by a point specifically presented for that purpose, and no step is taken to enable the plaintiff to amend or correct his statement, or permit the court below to examine the alleged variance, the question cannot be raised in the appellate court.

*Negligence—Conflict of testimony—Numerical number of witnesses—Interest of plaintiff—Charge—Master and servant.*

2. In an action by an employee against his employer to recover damages for personal injuries sustained at a machine, where the plaintiff testifies that he had received no instruction as to the manner of operating the machine, but his testimony is uncorroborated, and is contradicted by five witnesses, and it also appears from his own testimony that he did have some knowledge of the use of the machine and its possible dangers, and that before going to work at it he had demanded and received an entirely new set of punches and dies for its equipment, it is reversible error for the trial judge to omit to point out with definiteness the interest of the plaintiff, and suggest to the jury the reasonable probabilities that might flow from such interests.

Argued Nov. 18, 1914. Appeal, No. 39, Oct. T., 1914, by defendant, from judgment of C. P. Bradford Co.,

Sept. T., 1911, No. 293, on verdict for plaintiff in case of John B. Floyd v. Lehigh Valley Railroad Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before WHITEHEAD, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200.   Defendant appealed.

*Errors assigned* were (1) in refusing motion for defendant n. o. v., and (2) that the charge was inadequate in that it failed to call the attention of the jury to the interest of the plaintiff.

*J. Roy Lilley*, with him *Wm. P. Wilson* and *Mial E. Lilley*, for appellant, cited as to the variance: Mahoney v. Park Steel Co., 217 Pa. 20.

Cited as to the inadequacy of the charge: Clark v. Union Traction Co., 210 Pa. 636; Hodder v. Phila. Rapid Transit Co., 217 Pa. 110.

*Chas. M. Culver*, with him *David E. Kaufman* and *A. C. Fanning*, for appellee.—After trial on the merits, judgment will not be reversed because the pleadings did not present the exact issue tried, no objection on this ground having been made in the court below: Mathias v. Sellers, 86 Pa. 486; Cooper v. Abrahams, 9 Phila. 165; Weinberger v. Shelley, 6 W. & S. 336; Quick v. Miller, 103 Pa. 67; Miltenberger v. Com., 14 Pa. 71; Glenn v. Copeland, 2 W. & S. 261; Jones v. Freyer, 3 W. N. C. 365.

The charge was adequate: Leary v. Electric Traction Co., 180 Pa. 136; Kann v. Bennett, 223 Pa. 36; Rezner Mfg. Co. v. B. & L. E. R. R., 233 Pa. 369; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Hufnagle v. D. & H. Co., 227 Pa. 477.

OPINION BY KEPHART, J., March 11, 1915:

The plaintiff was injured while employed as a laborer in the Lehigh Valley Railroad shops at Sayre, Pennsylvania. At the time of the injury he was using a power punch, cutting out a semicircular piece from a sheet of steel by punching a succession of holes which slightly overlapped. The injury resulted from the punch striking the die blocks, breaking the punch into pieces, one of which struck the plaintiff in the eye, destroying the sight.

The first assignment of error complains of the refusal of the trial court to enter a judgment non obstante veredicto. The only argument offered in support of this assignment was that of a variance between the negligence alleged to be the proximate cause of the accident, as set forth in the plaintiff's statement, and the negligent act, if any, proven at the trial. The defendant permitted the evidence complained of to be introduced without objection. No point was presented specifically calling the variance to the attention of the trial court, nor were any steps taken to enable the plaintiff to amend or correct his statement, or permit the court below to examine the question so raised. We have frequently held that the defendant cannot speculate on the chances of a favorable verdict and then, if it is adverse, raise the question of a variance: Shaffer v. Bahr, 57 Pa. Superior Ct. 48. The first assignment of error is overruled.

Objection is made to the inadequacy of the charge of the trial judge with reference to the interest of the plaintiff, who testified in his own behalf, and the failure to charge specifically as to the effect of the signed statement of the plaintiff made shortly after the accident, which was not in harmony with his testimony at the trial. In using the punch to cut out the semicircular piece from the sheet of steel it was necessary that the pressure or resistance around the punch should be equal. If it is weaker on one side it is liable to deflect the punch and strike the die block underneath, causing the punch

to be broken to pieces. That is what happened in this case. The regular method of making this kind of a cut was to punch out alternate pieces of steel, then cut the piece remaining between these two cuts or holes. The plaintiff testifies that he was not instructed as to the possible dangers that might come from cutting holes in this semicircular steel in an irregular manner nor had he been instructed how to cut them. As opposed to his positive statement, which is unsupported by any circumstances or by any evidence whatever, we have the testimony of five witnesses who flatly contradict him on this vital point in his case. Mr. Edleson, at present having no connection with this company, and others explained to the plaintiff the danger that follows from punching half holes or cutting in an irregular manner because the strain all comes on one side of the punch, the other side being free; that the resistance from the iron would shift the punch, causing it to hit the die at the side of the hole which is made for the punch to pass into. One of the witnesses testified that he said to the plaintiff: "Jack, that is all right to make money but it is a bad program." The witness was paid so much for each hole that he cut and this was the quickest method to get through with the work. In his signed statement the plaintiff says: "Foreman Young and Mr. Tracy instructed me how to use this machine." The employee had been engaged about this machine for some time, doing piece work. The records of the shop, from which one of the witnesses testified, should show the exact time he was engaged in this sort of work. One of the witnesses testified that it was from four to six weeks, and he must have been somewhat familiar with the use of the machine, and his evidence, as to the manner of handling it, shows that he did have some knowledge of its use and possible dangers. He refused to use the punches which the man who had been working on the machine before him had used. He demanded and received a new set of punches and dies. With the weight

of all this evidence against his single statement, the trial court should have pointed out with much definiteness the interest of the plaintiff testifying, with a suggestion as to the reasonable probabilities that might flow from such interest. Attention should have been directed to the probative value of plaintiff's evidence as opposed to that of the defendant and the circumstances as developed from the plaintiff's cross-examination. It will not do to permit the jury to rest under the impression received from the general charge that mere numbers would not control, but it should be pointed out to them the circumstances under which the witnesses for the defendant testified, whether there was interest, bias or prejudice present that would likely cause them to testify falsely. The jury should be instructed as to the effect of the plaintiff's written statement and his testimony as developed on cross-examination. The assignment of error does not contemplate discussion as to the legal effect of the testimony; it relates solely to the inadequacy of the charge. The second assignment of error is sustained.

The third assignment of error is overruled. The witness from whom the evidence was expected was not sure he could answer the question asked.

Judgment is reversed and a venire facias de novo is awarded.