Isaac Baker *v.* The Pennsylvania Railroad Company,
Appellant.

*Negligence—Railroads—Crossings—" Stop, look and listen "—Contributory negligence.*

In an action against a railroad company to recover damages for death, it appeared that the deceased, a woman, with the senses of sight and hearing unimpaired, started in broad daylight to cross three tracks of a railroad. A train was approaching about a quarter of a mile distant, which she could have seen seventy feet distant before she set foot on the track nearest her; before she left that track she could have seen it one hundred and sixty feet distant; before she put her foot on the next, the middle track, she could have seen it two hundred and twenty-four feet distant; before she stepped on the track whereon the train was coming, she could have seen it nine hundred feet distant. She stepped on the last track and was instantly killed. *Held*, that, as the only two inferences from the undisputed testimony were that the deceased either did not stop, look and listen, or that, if she did, she must have seen the approaching train and knowingly attempted to cross in front of it, in full view, the court should have charged as a matter of law that she was guilty of contributory negligence, and should therefore have withdrawn the case from the jury.

Argued May 24, 1897. Appeal, No. 95, Jan. T., 1897, by defendant, from judgment of C. P. Perry Co., Nov. T., 1893, No. 8, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and DEAN, JJ. Reversed.

Trespass for death of plaintiff's wife. Before LYONS, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,127.08. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*B. F. Junkin* and *L. E. Atkinson,* for appellant.—The deceased was guilty of contributory negligence, and the court should have said so as a matter of law, on the undisputed evidence : Blight v. Camden, etc., R. R., 143 Pa. 10 ; Lees v. Phila. & Reading R. R., 154 Pa. 46 ; Carroll v. R. R., 12 W. N. C. 348 ; Moore v. R. R., 108 Pa. 349 ; Penna. R. R. v. Bell, 122 Pa. 58 ; Marland v. R. R., 123 Pa. 487 ; Warner v. Ry. Co.,

141 Pa. 615; Aiken v. Penna. R. R., 130 Pa. 380; Hovenden
v. Penna. R. R., 180 Pa. 244; Davidson v. Ry. Co., 171 Pa.
522.

*Charles H. Smiley*, with him *Charles A. Barnett*, for appel-
lee.—The case was for the jury: Longenecker v. Penna. R. R.,
105 Pa. 333; Penna. R. R. v. Weber, 76 Pa. 157; Schum v.
R. R., 107 Pa. 8; Phila. & Reading R. R. v. Carr, 99 Pa. 505;
Penna. R. R. v. Garvey, 108 Pa. 369; Penna. R. R. v. Werner,
89 Pa. 59; Derk v. Ry., 164 Pa. 246; Brassell v. N. Y. Cent.
& Hud. R. R. R., 84 N. Y. 241; Roberts v. Del. & Hudson
Canal Co., 177 Pa. 183; Penna. R. R. v. Zebe, 33 Pa. 326;
Brassell v. N. Y. C. & H. R. R. R., 3 Am. & Eng. R. R. Cases,
380; Penna. R. R. v. White, 88 Pa. 327; Davidson v. Ry. Co.,
171 Pa. 522; Gray v. Penna. R. R., 172 Pa. 383; Philpott v.
Penna. R. R., 175 Pa. 571; Turnpike Co. v. Railroad Co., 54
Pa. 345; Railroad Co. v. Stinger, 78 Pa. 219; Penna. R. R.
Co. v. Coon, 111 Pa. 430; Neslie v. Passenger Ry. Co., 113 Pa.
300; Penna. R. R. Co. v. Peters, 116 Pa. 206; Jones v. Penna.
Canal Co., 178 Pa. 123; Plonk v. Jessop, 178 Pa. 71.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

Susan Baker, the wife of plaintiff, on September 26, 1892,
was a passenger, west-bound, on defendant's road, her destina-
tion being Losh's station, where she arrived after daylight in
the morning. When the train stopped at the station, she was
aided in alighting on the platform by the conductor; at the
time, she had a basket on her arm. At that point, there are
three tracks; the north is for west and the south for east-bound
trains; the middle one is used, principally, for standing cars;
there is a platform for passengers along both north and south
tracks, to accommodate east and west-bound travel. A public
road crosses the railroad at grade at the east of the platforms;
thirty-seven feet west of this, a plank footwalk, five feet four
inches wide, also crosses the railroad between the platforms, at
grade. When last seen on the platform where she alighted, de-
ceased was starting, with her basket on her arm, to walk across
the footwalk in the direction of her home. She was not again
seen by any witness until Wetzel, the fireman on Keystone ex-
press running east towards the crossing, saw her. He testified

that the engineer blew the whistle of the locomotive at the whistling post, a quarter of a mile west of the crossing, and then he, the fireman, commenced ringing the bell, and was ringing it when, at about two hundred yards from the crossing, he saw Mrs. Baker on the footwalk between the rails of the middle track; he did not think she would attempt to cross, but, as she did not stop, he halloed to her; the engineer sounded the danger signal, but she kept on and, with her foot on the south rail of the east-bound track, she was struck and killed. Although cars were standing on the middle track for some distance, the nearest one to her was about seventy feet west, so that her line of vision, when she stepped from the platform, extended along the east-bound track at least one hundred and sixty feet; every step in the direction she was going extended that vision, so that when she reached the middle track, she could see up the east track at least three hundred feet, and just before she stepped over the first rail on the east track she could see along it nine hundred feet. Her husband, this plaintiff, brought suit for damages, alleging negligence on part of defendant in permitting the cars to stand at that point on the middle track, whereby the view to the west by those using the crossing was obstructed, and in not giving warning by whistle or bell of the approaching train. As to the last point, several witnesses who were within hearing distance testified they heard no sound. The evidence was that ample warning was given, and that the track was visible for a considerable distance, notwithstanding the cars on the middle track; and further, if defendant were negligent, the uncontradicted evidence showed that deceased was guilty of contributory negligence; therefore, there could be no recovery. The learned judge of the court below submitted the evidence as to negligence of defendant and contributory negligence of deceased to the jury; there was a verdict and judgment for plaintiff, from which defendant appeals, preferring several assignments of error. In our view, it is only necessary to discuss one of them.

The court was requested to instruct the jury that under all the evidence the plaintiff could not recover; this was declined. The purpose of the point was to secure an affirmance of defendant's averment of contributory negligence on part of deceased. The opinion of the learned judge of the court below on this question appears from this excerpt from the general charge.

He says : " It is a reasonable rule, and one founded on public policy, that every person about to cross the tracks of a railroad company must stop, look and listen before they attempt to go across, and they must not do this in a mere casual way, but must make an honest effort to see and hear, and thus avoid danger. Did Mrs. Baker do this? There is no evidence in the case that she did, and none that she did not. The law further presumes that every person exercises that ordinary care which is necessary to protect them from injury; that the love of life and health are such as every individual will exercise that care which would protect them from injury and death. But it is not a violent presumption, and it is one which may be overcome by surrounding circumstances, and if from them you conclude that she did not stop, look and listen, then she could not recover, neither can her husband recover."

Was this correct instruction, in view of the undisputed facts?

In broad day, an adult, with the senses of sight and hearing unimpaired, is about to cross three tracks of a railroad; a train is approaching a quarter of a mile distant; she could see it seventy feet off before she sets foot on the track nearest her; before she gets off that track she can see it for one hundred and sixty feet; before she puts her foot on the next, the middle track, she could see it two hundred and twenty-four feet distant; before she steps on the track whereon it is coming she could see it nine hundred feet distant; nevertheless, she stepped on the track and was instantly killed. If she stopped and looked before she stepped on that track she saw the train; if she did not stop and look she was guilty of contributory negligence; if she stopped and looked she saw it and was negligent in attempting to cross before it passed. On the undisputed facts there is no escape from the conclusion of contributory negligence. The presumption is that she stopped and looked; if we conclude the presumption is not rebutted, then follows the inevitable one that she attempted to cross with a locomotive in full view.

The engineer and fireman both testify they saw her when two hundred yards off, and while they expected her to stop, she did not stop; as soon as they were conscious that she would persist in crossing, the brakes were put on, and the danger signal given, but too late; as to giving the signal, one of plaintiff's witnesses

working near by corroborates them ; no witness contradicts them. The probability is that she saw the train coming and hastened to cross in front of it. But, however that may be, to leave the question to the jury was not submitting to them a disputed fact, but permitting them to find against the undisputed facts. It is argued that it was an inference from facts to be drawn by the jury ; so it was in a certain sense ; if one man aims a loaded pistol at another and pulls the trigger, and the one aimed at falls with a bullet through his head, it is an inference that the one who pointed the pistol killed him, but it is the only inference to be drawn from the circumstances. So here, there are but two inferences that could be drawn from the facts ; each unerringly pointed to contributory negligence. The jury should have been so instructed and a verdict directed for defendant. There are some close cases on this question of contributory negligence, cases where it is difficult to draw the line between the functions of the court and jury ; but this is not one of them.

The judgment is reversed.