202    527
f  25 SC  619

# Henderson v. United Traction Company, Appellant.

*Negligence—Street railways—Crossing tracks—Speed of car.*

Where in an action by a husband against a street railway company to
recover damages for the death of his wife, it appears that the car which
struck the deceased was running at a rate of eighteen or twenty miles an
hour, over a public crossing in a populous part of a city, which was double
the ordinary speed of cars on the avenue in which the accident occurred;

that no notice of the approach of the car was given; that no attempt was made to check its speed or stop it until the instant of the collision, after which it ran 180 feet; that when at the curb the deceased stopped and looked in the direction of the car which was then variously estimated to be from 200 to 400 feet from the crossing and that she then had but thirteen feet to walk to clear the track, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained.

Argued Oct. 29, 1901. Appeal, No. 25, Oct. T., 1901, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1898, No. 249, on verdict for plaintiff in case of Robert Henderson v. United Traction Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's wife. Before Stowe, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,750. Defendant appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*J. H. Beal,* with him *Knox & Reed,* for appellant.—The mere negative testimony of a witness that he did not hear any bell, especially where, as here, there is nothing but the naked statement that he did not hear, is insufficient to prove negligence: Hauser v. Central R. R. Co., 147 Pa. 446.

No standard of speed was shown: Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438; Kline v. Electric Traction Co., 181 Pa. 276; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332.

Mrs. Henderson was guilty of contributory negligence: Buzby v. Phila. Traction Company, 126 Pa. 559; Warner v. Peoples' St. Railway Company, 141 Pa 615; Nugent v. Phila. Traction Company, 181 Pa. 160; Blaney v. Electric Traction Company, 184 Pa. 524; Gilmartin v. Lackawanna Valley Rapid Transit Company, 186 Pa. 193; Watkins v. Union Traction Company, 194 Pa. 564; McGovern v. Union Traction Company, 192 Pa. 344; Sullivan v. Consolidated Traction Company, 198 Pa. 187;

Gray v. Fort Pitt Traction Company, 198 Pa. 184; Holmes v. Union Traction Company, 199 Pa. 229; Reber v. Pittsburg, etc., Traction Company, 179 Pa. 339.

*Frank A. Ammon,* with him *Samuel A. Ammon* and *Rody P. Marshall,* for appellee.—It is not negligence per se for a citizen to be upon the tracks of a street railway so long as the right of a common user of the tracks exists in the public. It is the duty of a passenger railway company to exercise such watchful care as will prevent accidents or injury to persons, who, without negligence on their part, may not at the moment be able to get out of the way of a passing car: Thatcher v. Central Traction Co., 166 Pa. 66; Jackson v. Pittsburg, etc., Traction Co., 159 Pa. 358; Harkins v. Pittsburg, etc., Traction Co., 173 Pa. 149; Smith v. Phila. Traction Co., 3 Pa. Superior Ct. 129; Beard v. Reading City Pass. Ry. Co., 3 Pa. Superior Ct. 171.

PER CURIAM, May 12, 1902:

From the testimony presented by the plaintiff it appeared that the car which struck and killed his wife was running at the rate of eighteen or twenty miles an hour over a public crossing on Fifth avenue in a populous part of the city of McKeesport. This was double the ordinary speed of cars on the avenue. No notice of the approach of the car to the crossing was given, and no attempt was made to check its speed or to stop it until the instant of the collision. It ran 180 feet after the collision. When at the curb the deceased stopped and looked in the direction of the car. The car was then 200 and possibly 400 feet from the crossing. She had then but thirteen feet to walk in order to clear the track. She was struck by the car when within one step of being fully across.

If she saw a clearly impending danger and acting on her own judgment accepted the risk, her husband could not recover. But the danger in attempting to cross in advance of the car was not so manifest that the court could say that she was negligent. She was familiar with the running of the cars and might well have assumed that she could cross the track in safety if the approaching car ran at anything like the ordinary speed. She took no close chance, and whether under all the

circumstances she acted with ordinary care and prudence was a question for the jury under proper instructions from the court. In principle the case is governed by McGovern v. Union Traction Co., 192 Pa. 344.

The judgment is affirmed.