# Oehmler v. Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Crossing.*

In an action against a street railway company to recover damages for personal injuries, it appeared that the accident occurred at a point where street cars ran in both directions, and where there were numerous teams and vehicles. The evidence for the plaintiff tended to show that he stopped at the corner, looked and saw a car, and formed the opinion that he could cross the street. When nearly across he was forced back by a team and wagon, and hit by a car which was running at such a high rate of speed that it could not be stopped until eighty-eight feet from the point of the accident. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

*Pleading—Variance between statement of claim and plaintiff's evidence.*

The appellate court will not consider a variance between the statement of claim and the plaintiff's evidence, where no exception to the evidence was taken at the trial, and no assignment of error specifically raises the question.

*Trial—Charge—Misstatement of evidence.*

Where the trial judge while endeavoring to present the case fairly for both sides, makes an inaccurate statement as to the testimony, it is the duty of counsel to call his attention to the mistake and give him an opportunity to rectify it.

Argued May 4, 1904. Appeal, No. 97, April T., 1904, by defendant, from judgment of C. P. 3, Allegheny Co., Aug. T., 1902, No. 386, on verdict for plaintiff in case of Leo Oehmler v. Pittsburg Railways Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The opinion of the Superior Court states the circumstances of the accident.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2, 3) portions of charge.

*William A. Challener,* with him *Clarence Burleigh* and *James C. Gray,* for appellant.—A foot passenger crossing a street,

especially a wide one with double tracks, does not do his whole duty by a single look before starting. In the space where cars and other vehicles have concurrent rights with his own, he is bound to keep his eyes and ears open for new dangers and to use reasonable care in avoiding them: McGovern v. Union Traction Co., 192 Pa. 344; Nugent v. Traction Co., 181 Pa. 160; Callahan v. Traction Co., 184 Pa. 425; Omslaer v. Traction Co., 168 Pa. 519.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.—The case was for the jury: Callahan v. Traction Co., 184 Pa. 425.

OPINION BY MORRISON, J., July 28, 1904:

This is an appeal by the defendant from the judgment of the court of common pleas in an action for injuries caused to the plaintiff by one of the cars of the defendant company near where First avenue crosses Smithfield street in the city of Pittsburg. The first assignment of error is based upon the refusal of the court to affirm the defendant's point, " That under all of the evidence the verdict must be for the defendant." This point and answer raises the material question in the case, which is, did the court err in refusing to say as a matter of law that the plaintiff was guilty of contributory negligence? The testimony shows and it is a matter of common knowledge and notoriety that Smithfield street at the point of this accident is generally crowded and obstructed with street cars running in both directions, and with teams and vehicles of all sorts and character. In short it is a very busy, congested street, and to cross it in safety during business hours requires judgment, skill and courage. The plaintiff and another attempted to cross this street and when nearly across found, as it appeared to them, that they would be killed if they did not retreat, and in endeavoring to do so one of them escaped, and the plaintiff, as he alleges, was prevented from getting clear of the track by a team and wagon, and was struck and knocked down and quite seriously injured. The plaintiff's witnesses were of opinion that the car was running very fast and that it ran a distance of about 150 feet, after striking the plaintiff, before it was brought to a stop. The evidence on the part of the defendant, however, which seems to be quite re-

liable, places this distance at eighty-eight feet. In our opinion under all of the evidence in the case, the court could not dispose of the question of contributory negligence by a binding instruction. The situation of the plaintiff at the time, the crowded condition of the street, the varying and disputed testimony as to the speed of the car were facts and circumstances for the consideration of the jury. We consider the case in principle much like McGovern v. Union Traction Co., 192 Pa. 344. In that case Mr. Justice MITCHELL in a careful opinion discussed the question of contributory negligence and distinguished the cases which are for the court and those which are for the jury and reversed the court below for not submitting the question of the plaintiff's negligence to the consideration of the jury. That case is cited with approval in a per curiam opinion in Henderson v. United Traction Co., 202 Pa. 527. We think the doctrine of the latter case is also applicable to the case under consideration.

It is argued earnestly that the plaintiff's testimony is contradictory of his allegation in the declaration. It is true that the declaration does state that it was impossible for him to see the car in time to avoid the collision because of it running at such an excessive rate of speed, and although he stopped, looked and listened, before crossing the track, he could not see or hear the car approach. The plaintiff's testimony is in plain contradiction of this averment that he could not see or hear the car approach. But no exception was taken to his testifying in the manner he did on account of it being contradictory to his declaration, nor is there any assignment of error specifically raising this question. The declaration does charge excessive rate of speed and this averment is supported by the testimony of the plaintiff and several other witnesses. The defendant having notice in the declaration that the excessive rate of speed was one of the grounds of complaint and having permitted the plaintiff to testify that he did see the car for sometime before the accident, and not having objected or excepted to this testimony on the ground that it was contradictory of the declaration we do not think it of much legal significance now. The probabilities are that the attorney who drew the declaration failed to set forth the fact in this respect as the plaintiff understood it, otherwise it would be difficult to ex-

plain the contradiction between the declaration and the testimony of the plaintiff. There is considerable evidence from which the jury could infer that the plaintiff stopped at the corner of Smithfield street and First avenue and looked and formed the opinion that he could safely cross the street and that he and the person accompanying him made the attempt, and that they would have been safe and successful if the car had not been running at an excessive and unusual rate of speed. In addition to this there is testimony from which the jury could find that the speed of the car was not only excessive, but that it increased between Second and First avenues. From the testimony in the case and personal experience and observation in crossing Smithfield street at or near the place of this accident we are convinced that during the busy portion of the day one can scarcely find an opportunity of crossing at this place without being in sight of cars coming from both north and south, and with the street filled with vehicles of all sorts, and that no crossing can be made without estimating the distance the cars have to run, the time it would occupy as well as the time necessary for the footman to make the crossing, and therefore it will not do to apply any hard and fast rule as to contributory negligence where a plaintiff errs in judgment and especially so when there is evidence that the car was not being run at a usual rate of speed. It is argued that there is no evidence of an increase in the speed of the car, and a portion of the charge of the court is assigned for error for this reason. But there is evidence that the car was coming down at a terrific rate of speed, and that it probably increased after crossing Second avenue and before striking the plaintiff. The plaintiff testified that the car was coming more rapidly than he realized and it was probably increasing in speed.

We are not convinced of error in the charge of the court as set out in the second and third assignments. While the learned judge does not use the exact language of the witnesses we think his instructions, complained of, are well within the evidence and the legitimate inferences which the jury could draw from the same. But let it be conceded that he did make a slip and inaccurately referred to some of the testimony, the counsel should have called his attention to it and given him an opportunity to rectify it. Especially is this so where it is evi-

dent that the learned judge was endeavoring to present the case fairly for both sides. In our opinion there is no such serious error as will justify a reversal of the judgment: Taylor v. Burrell, 7 Pa. Superior Ct. 461.

It is conceded that this car ran eighty-eight feet after striking the plaintiff before it could be stopped, and we are of opinion that this raises a question for the jury as to the negligence of the defendant on a street occupied and used as Smithfield street was on the day of the accident. That is, it could not be claimed as a matter of law, under all of the evidence in this case, that the defendant was free from negligence, and under all of the evidence and the circumstances and situation disclosed thereby we are of the opinion that the question of the plaintiff's contributory negligence was for the jury and that it was properly submitted by the court. It may be that the plaintiff did not use due care and that the jury ought to have found him guilty of contributory negligence, but the verdict was otherwise, and the learned court who tried the case, on consideration, refused a new trial and this should end the case unless the record discloses serious error to the prejudice of the defendant.

The assignments of error are all dismissed and the judgment is affirmed.