# Connor *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Pedestrian—Crossing street—Case for jury.*

1. A pedestrian may not undertake to cross a street railway track in front of a visibly approaching car, running under normal conditions, without leaving himself sufficient time to clear the track before the arrival of the car; but he is not prohibited either by law or reason from doing so merely because a car is approaching at some distance away, although plainly in sight. Between these two extremes there must be a zone of reasonable safety within which he may cross a street, although a car be approaching, without it being apparent that he has violated any rule either of law or of common sense. Under such circumstances the propriety of his determination to cross the street, the reasonableness of his conclusion, or the lack of it must be submitted to and passed upon by a jury.

2. In an action against a street railway company by a man thirty-eight years old to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff, although contradicted, tended to show that the plaintiff, at night, desiring to take a car approached a near side crossing, but being on the wrong side of the street had to pass over the track in order to reach the side from which he could properly enter the car; that in making the crossing his left leg was struck by a car after he had cleared the track with his right; that by the rules of the company cars stopped at the near side crossing, and that their speed was about ten miles an hour at the locality in question; that at the time of the accident the headlight was burning, and the approaching car was plainly visible; that when plaintiff first saw the car it was 300 feet from the crossing; that he then walked along the street to its intersection with the cross street keeping the car in sight, and making signals to the car to stop, which were apparently observed by the motorman; that as plaintiff stepped upon the track it seemed to him as if the car's speed had been suddenly greatly accelerated, or as if the motorman had lost control of it; that at the time he was struck the car was running probably three times its usual speed; and that it ran a distance of ninety-two feet after striking the plaintiff before it was stopped.

Argued April 18, 1912. Appeal, No. 107, April T., 1912, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 932, on verdict for plaintiff in case of Matthew J. Connor v. Pittsburg Railways

630 CONNOR *v.* PITTSBURG RYS. CO., Appellant.

Statement of Facts—Opinion of the Court.    [50 Pa. Superior Ct.

Company.    Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before Swearingen, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant, cited: Greenwood v. P., W. & B. R. R. Co., 124 Pa. 572; Crooks v. Pittsburg Rys. Co., 216 Pa. 590; Bornscheuer v. Traction Co., 198 Pa. 332; Holmes v. Traction Co., 199 Pa. 229; McLean v. Schoenhut Co., 225 Pa. 100.

*F. C. McGirr,* of *Marron & McGirr,* for appellee, cited: Oehmler v. Rys. Co., 25 Pa. Superior Ct. 617.

Opinion by Head, J., July 18, 1912:

In reviewing the judgment entered on the verdict by the learned court below the plaintiff has the right to demand of this court that we accept as established every fact favorable to him which is supported by any evidence produced at the trial.    There was evidence to support the following facts: The plaintiff, a man about thirty-eight years of age, who had been a school teacher for many years, desired to board a car of the defendant company going east on Penn avenue towards his home, at about eleven o'clock P. M.    He, being then on the north side of Penn avenue a few feet west of the Twenty-sixth street crossing, noticed a car of the defendant approaching from the west.    The headlight was burning, the street was comparatively free from traffic, and the approaching car was plainly visible.    The usual speed of cars on that street was

about ten miles an hour.    The rules of the company required—and the practice of crews was in accord with the rules—that the cars stop on the near side of a cross street to receive or discharge passengers.    When the plaintiff first noticed the car he estimated its distance from the crossing to be in the neighborhood of 300 feet.    He walked westward along the avenue to its intersection with the cross street and then started to cross the avenue in order to reach the side from which he could properly enter the car. Whilst crossing, he testifies that he continued to watch the car and made a number of signals indicating his desire to have the car stopped so that he could board it.    He further states that the actions of the motorman indicated to him his signals had been observed, and he therefore expected the car would stop at the usual place so that he could enter.    He says that about the time he stepped upon the track on which the car was traveling it seemed to him as if its speed had suddenly been greatly accelerated or as if the motorman had lost control of it.    Being then of the opinion that it was safer for him to continue his attempt to cross rather than to turn backward, he made every physical effort to clear the track and succeeded in getting every portion of his body out of reach of the car except his left leg which was struck after he had cleared the track with his right.    He testifies that the car, at the moment it struck him, was running at probably three times its usual speed, and there is evidence from another witness that, after striking the plaintiff, as the latter claims at the crossing, the car ran a distance of ninety-two feet before it was stopped.

It is but to state a universally recognized rule, both of law and of reason, to say that a pedestrian may not undertake to cross a track in front of a visibly approaching car, running under normal conditions, without leaving himself sufficient time to clear the track before the arrival of the car.    But it is equally true that a pedestrian, desiring to cross a city street, is not prohibited either by law or reason from doing so merely because a car is ap-

proaching at some distance away although plainly in sight.  Otherwise, the streets of our cities would have to be given up exclusively to the use of the cars operated thereon.  Between these two extreme cases there must be a zone of reasonable safety within which a pedestrian may undertake to cross a street, although a car be approaching, without it being apparent that he has violated any rule either of law or common sense.  Under such circumstances, the propriety of his determination to cross the street, the reasonableness of his conclusion or the lack of it, must be submitted to and passed upon by a jury.  It is to be always remembered that while the approaching car is visible to the pedestrian crossing the street, he in turn is visible to the motorman operating the car, and under such circumstances there are mutual rights and obligations.  The situation thus arising is well described by our Brother ORLADY in Spahr v. York Railways Company, ante, p. 602.  "The motorman had as conspicuous a view of the plaintiff as the latter had of the car.  The speed of the car was better known to the motorman than to a person facing its front, and its speed was entirely subject to his will.  After seeing the plaintiff, the distance to be traveled, the character of the crossing, and the control of the car, were matters of which the motorman was bound to take notice and exercise care in proportion to the conditions facing him.  The chance which the plaintiff took was that of crossing a street in safety in advance of a car which approached at the usual rate of speed.  It was not the chance of being run down by a car propelled at an unusual rate of speed lacking proper control."

We are not unmindful of the fact that the testimony is so conflicting that it cannot be reconciled and that the defendant produced a strong array of evidence tending to show that the accident happened under conditions wholly different from those testified to by the plaintiff.  But it is too late to successfully argue here and now that the plaintiff was either untruthful or mistaken.  The jury

has said he was neither. That tribunal, having accepted his version of the facts, we can consider no other. In the face of the story told by the plaintiff and accepted by the jury, we cannot agree with the able counsel for appellant that the learned trial court should have given binding direction in favor of the defendant, or, failing in this, should thereafter have entered judgment for the defendant non obstante veredicto. It is in these two respects alone that error is assigned. No fault is found with the manner in which the disputed questions of fact were actually submitted. The assignments are therefore overruled.

Judgment affirmed.