# Becker *v*. Buffalo and Lake Erie Traction Company, Appellant.

*Negligence—Street railways—Passenger—Alighting from car—Contradictory testimony.*

1. In an action against a street railway company by a woman to recover damages for personal injuries the plaintiff testified that in alighting from a car of the defendant at a regular stopping place she had been violently thrown her full length on the pavement, by the sudden start of the car. She also testified that the violence of her fall produced unconsciousness, at once developed symptoms of serious nervous derangement, which continued until the time of the trial. Every phase of plaintiff's testimony was explicitly denied by the defendant; it being contended that no accident had occurred at the time and place mentioned by her, and that the claim of the plaintiff was an absolute fabrication. *Held*, that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

2. In such a case evidence of the rules and regulations of the defendant company in relation to reports of accidents to be made by conductors and motoneers is properly excluded.

3. In an accident case against a street railway company where the evidence was contradictory as to the happening of the accident the defendant requested the court to charge that the defendant could not "be held responsible for any negligence, unless the evidence clearly shows that defendant was guilty of such want of care." *Held*, that the court committed no error in striking out the word "clearly" and then affirming the point.

Argued Oct. 7, 1912. Appeals, Nos. 12 and 13, April T., 1912, by defendant, from judgments of C. P. Erie Co., Sept. T., 1909, No. 142, on verdict for plaintiff in case of Agnes Becker and George A. Becker, her husband, against the Buffalo and Lake Erie Traction Company. Before

RICE, P. J., HENDERSON, MORRISON, ORLADY and POR-
TER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Be-
fore WALLING, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial R. T. Nolan, defendant's superintendent,
was asked this question:

"Q. What, if any, rules were in force at that time by
your company, giving directions to the conductors and
motoneers as to the making of these reports and returning
them to the company?"

Objected to the rules of the company going in evidence.

"A. We have a Rule Book, in effect at that time.  This
is a copy of it.  [Referring to book.]  Q. State whether or
not that is a copy of the Rule Book, in effect at that time?
A. Yes, sir."

Defendant's counsel offers Rule 78 from the Rule Book,
showing the directions given by the company to its con-
ductors and motoneers for their guidance.

Objected to the rules of the company, that they are not
evidence at this time.

Offered to follow it with evidence to show that in pur-
suance of this direction no report was made out, or sent
in by any of the conductors, because there was no accident.
To show this by those in charge of the cars at the time.
To show the routine in the operation of the cars, in respect
to reports being sent in.  The method of the carrying on
of the business of the company.

Objected to as incompetent and irrelevant.

The Court: In our opinion the rule of the company,
offered, is not competent, there might be a rule requiring a
railroad engineer to blow the whistle before approaching
a crossing.  If the question became one for the jury to
decide it seems to me the fact that that rule existed would
not be evidence as tending to show that he had performed
his duty.  Here it is only a collateral matter whether or
not a report was made of this accident.  It has been

testified to by the witness that no report came to the office, of any accident.

Objection sustained, and Rule 78 in defendant's Book of Rules is rejected. [2]

"Q. Prior to August 11, 1907, what if any directions had been given to the motoneers and conductors, to return to the company reports of any accidents which may have occurred?"

Objected to. Objection sustained and exception sealed for the defendant. [3]

Defendant presented this point:

1. That the burden of proving negligence in this case is upon the plaintiff, and the defendant cannot be held responsible for any negligence, unless the evidence clearly shows that defendant was guilty of such want of care. *Answer:* That point is affirmed, striking out the word "clearly." [5]

Verdict for Agnes Becker for $1,173 and for George A. Becker for $924. Defendant appealed.

*Errors assigned* were (2, 3) ruling on evidence, quoting the bill of exceptions, and (5) above instruction, quoting it.

*J. M. Sherwin*, for appellant.

*John Lamon*, with him *H. A. Strong*, for appellee.

OPINION BY ORLADY, J., November 18, 1912:

These plaintiffs recovered a verdict of $1,173, and $924, respectively, before a jury as damages for injuries sustained by Agnes Becker, on August 11, 1907, when, as she alleged, she was violently thrown from a street car of the defendant company while in the act of alighting at a regular stopping place, and where it had stopped in response to a signal given by her to the conductor. The details of the accident were clearly explained by Mrs. Becker on the witness stand, and she was subjected to a prolonged and severe cross-examination, which, with

the testimony of the physicians called by her, was fairly and adequately submitted to the jury. Every phase of her testimony relating to the accident was explicitly denied by the defendant; it being contended that no accident had occurred at the time and place mentioned by her, and that the claim of the plaintiff was an absolute fabrication. This contradictory testimony made it necessary to submit the disputed question to the jury, and we must accept its finding as settling all controversy in regard to that feature of the case.

The first assignment of error, complains of the admission of the testimony of a physician, concerning the condition of the plaintiff's body, that was not specifically described in the statement, or the bill of particulars. The injuries set out in the statement were averred to be "In her head, back, and body, and in her spine and nerves— her left arm was severely injured, and she suffered great pain and distress." This was elaborated in the answer to the thirteenth inquiry in the bill of particulars, so as to reasonably indicate the probable development of the physical conditions described, and were sufficiently responsive to the question, to warrant the court in receiving the testimony of Dr. Killian in regard to the symptoms described by her as well as those found by him, when he examined her body a few months after the accident. The time, place, and general character of the accident was fairly set forth in the pleadings, and there was no substantial variance from this in the proof submitted. The question of first importance was, whether or not there was an accident, and on the answer to this the defendant hinged its defense. That fact was established by the verdict, by which it is determined and it was shown by evidence of equal credibility, that the plaintiff was violently thrown her full length on a pavement, from a suddenly started car, with such violence as to produce unconsciousness, and at once develop symptoms of serious nervous derangement, which continued until the time of the trial; and they advanced to such a grave constitutional

derangement as to reduce her weight from 125 pounds to sixty pounds, so that the amount of the verdict should not occasion surprise.

The court excluded evidence of the rules and regulations of the defendant in relation to reports of accidents to be made by conductors and motoneers. It is well settled that usage, or custom, or rules, or regulations of a defendant cannot excuse its negligence. However, this question became immaterial in the light of the testimony of the same witness, and of a conductor, who explained fully that it was the custom and practice of all conductors and motoneers to make full reports of all accidents, and turn them in to the office promptly, and this was followed by proof that all the conductors on the defendant's system made their reports of that day, without notation of any accident at the time and place mentioned by the plaintiff.

All the physicians called by the plaintiff admitted that her condition at the time of trial, as well as at the time they made their examination of her, might have resulted from causes other than this accident, but, they were equally clear in stating that her condition might reasonably be traced to an injury received as narrated by her.

The burden of proof was on the plaintiff to satisfy the jury, by the weight of credible evidence, that she received the injuries she complained of through the negligence of the defendant. This burden she assumed and carried it throughout the trial. She was contradicted in every particular, but it was for the jury to say whether her positive, affirmative statements were to have greater or less weight, than the negative statements of the defendant's witnesses. The charge of the trial judge was fair and impartial; and he laid special stress on this phase of the case. The relation between the accident, if established, and the plaintiff's physical condition at the time of the trial, was carefully submitted to the jury.

The defendant's first point, if affirmed without qualification, would materially increase the plaintiff's burden, as already fixed by many decisions, and the court properly

affirmed it, after striking out the word "clearly." To require that the evidence, "clearly" shows that the defendant was guilty of want of care, would be equivalent to instructing the jury that they must be satisfied beyond a reasonable doubt of the defendant's want of care: Coyle v. Com., 100 Pa. 573; Taylor v. Paul, 6 Pa. Superior Ct. 496; Guernsey v. Froude, 13 Pa. Superior Ct. 405. It was not intended to change the degree of proof in Kitler v. Street Railway Co., 27 Pa. Superior Ct. 602, nor does the use of the word "manifest" in that decision in any manner affect it. As therein stated, "The plaintiff must recover upon preponderating evidence in his favor, and if this is so evenly balanced, as to weight, that this preponderance is not manifest, he has failed." In such a case, there must be a manifest, or clear, preponderance of evidence, else the question is in equipoise, and the plaintiff in such case would not be entitled to recover, but that point being once passed, and the fact determined by the Court that there is a preponderance of the evidence in the plaintiff's favor, then the degree and volume of proof necessary to sustain a verdict is peculiarily the province of the jury to determine, on the credible evidence in the case that the defendant was or was not guilty of want of care.

The assignments of error are overruled and the judgment is affirmed.