# Wetzel, Appellant, *v.* Pittsburg Railways Company.

*Practice, C. P.—Judgment non obstante veredicto—Evidence.*

1. The Act of April 22, 1905, P. L. 286, does not change the law or the relative functions of the court and jury, but simply permits the court to do upon matured reflection and an examination of the whole record what it theretofore had the power to do upon the trial, that is, to direct the verdict if it appeared that there was no evidence from which the jury could find in favor of the party against whom the verdict is directed. If it should appear that there was a conflict in the evidence upon a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict afterwards.

*Negligence—Street railways—Collision between car and wagon—" Stop, look and listen "—Case for jury.*

2. In an action against a street railway company to recover damages for personal injuries to plaintiff and his team received in a collision with a street car, the case is for the jury where the evidence for the plaintiff although contradicted tended to show that he stopped his team at a proper and safe place to await the action of a street car which had stopped at a point 282 feet from him, that the car after stopping ran at an excessive rate of speed in a congested part of the city, that the motorman saw plaintiff, as he drove toward the tracks, and that the car struck the wagon just as it had nearly crossed the tracks in safety.

Argued April 28, 1913.   Appeal, No. 110, April T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Dec. T., 1908, No. 964, for defendant non obstante veredicto in case of J. J. Wetzel v. Pittsburg Railways Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries and for injuries to a team. Before REID, J.

At the trial it appeared that on September 25, 1908, the plaintiff was driving a pair of mules and a wagon on Fifth avenue near Elm street in the city of Pittsburg. At the point of the accident there were two car

tracks.    Plaintiff was driving on the outbound track, and when he reached Elm street, having some goods to deliver on Fifth avenue two doors above Elm street, he attempted to cross the inbound track, and was struck by a car on that track when his wagon had nearly cleared it.    He testified that he saw the car in question stop at Logan street 282 feet away, that he stopped before turning, and then seeing the car at rest started from the one track to the other.    There was evidence that the car was running at a high rate of speed, and the plaintiff claimed that the motorman saw him.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $1,037.50.    Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William D. Grimes,* for appellant.—It was error to enter judgment for defendant n. o. v.: Duffy v. York Haven Water & Power Co., 233 Pa. 107; Dalmas v. Kemble, 215 Pa. 410; Reel v. Elder, 62 Pa. 308.

The plaintiff was not guilty of contributory negligence, and the question of contributory negligence was properly left to the jury: Haughey v. Rys. Co., 210 Pa. 363; Conyngham v. Electric Motor Co., 15 Pa. Superior Ct. 573.

The court cannot usurp the function of the jury and decide that an accident occurred in a certain manner by drawing inferences from circumstances and facts which are disputed: Bane v. Rys. Co., 238 Pa. 216; Becker v. Traction Co., 52 Pa. Superior Ct. 93; Sheetz v. Traction Co., 49 Pa. Superior Ct. 177; McGovern v. Traction Co., 192 Pa. 344; Henderson v. Traction Co., 202 Pa. 527; Armstrong v. Traction Co., 216 Pa. 595; Luckenbill v. Rys. Co., 47 Pa. Superior Ct. 121.

*Richard C. Long,* with him *Clarence Burleigh* and *William A. Challener,* for appellee, cited: Bornscheuer v. Traction Co., 198 Pa. 332.

OPINION BY ORLADY, J., October 13, 1913:

The plaintiff recovered a verdict of $1,037.50 as damages for injuries to himself and a team in a collision with a street car of the defendant company. The defendant by counsel requested the court to give binding instructions and to declare, that under the evidence in the case the verdict should be for the defendant, but the court refused to so charge and the case was submitted to the jury. Subsequently the court entered judgment for the defendant on a motion non obstante veredicto, and the plaintiff brings this appeal.

The Act of April 22, 1905, P. L. 286, does not change the law or the relative functions of the court and jury, but simply permits the court to do upon matured reflection and an examination of the whole record what it theretofore had the power to do upon the trial, that is, to direct the verdict if it appeared that there was no evidence from which the jury could find in favor of the party against whom the verdict is directed. If it should appear that there was a conflict in the evidence upon a material fact, or any reason why there could not have been a binding direction then there can be no judgment against the verdict now: Dalmas v. Kemble, 215 Pa. 410; Edwards v. Woodruff, 25 Pa. Superior Ct. 575.

It was said in Duffy v. Water Co., 233 Pa. 107: "The single question is, was there sufficient evidence to warrant the court in submitting the case to the jury. . . . Under the evidence the jury would have been justified in finding for either party. But in considering the motion for judgment for the defendant non obstante veredicto, the defendant's contradictory testimony is eliminated, and the question is whether the evidence submitted, if believed, was sufficient to warrant the jury in finding a verdict for the plaintiffs." With these rules for our

guidance we are to take the record as made on the trial and examine the testimony.

The principal contention appears to be in regard to the weight to be given to the testimony of some of the witnesses, and an analysis of the inferences flowing from certain facts which do not appear to be in dispute. If we accept the testimony of the plaintiff as correct and truthful, there can be no doubt that he stopped his team at a proper and safe place to await the action of the car that struck him, and this at a time when he saw the car at a standstill between Magee and Logan streets, at a point 282 feet distant from him, when he then started to cross the car tracks with his team, and further, that the motorman saw him when he crossed the track. The right hind wheel of his wagon was struck by the car and dragged about seventy-two feet. In these vital facts he was strongly corroborated by an eyewitness whose attention was directed to the wagon and the car when he had both in direct view. The defendant's witnesses supported its theory that the plaintiff drove directly in front of a rapidly approaching car and was struck through his own fault. The plaintiff was familiar with the streets of the city, the movement of cars and with the driving and management of teams, being engaged in the delivery and express business. He was driving one of his own teams and had it under full control, but if we accept the facts as developed by the defendant's witnesses there is no question that his injuries were due directly to his own recklessness.

In this mass of contradictions somewhere is to be found the truth, and our rules of law have specially assigned that duty to a jury in the first instance, and if upon review we conclude that there is sufficient credible evidence to warrant the finding it is to be accepted as the final adjustment of the controversy.

When the witnesses were before the jury and the manner and subject-matter of their testimony within clear and certain recollection, the trial judge directed them

as follows: "The plaintiff must make out his case against the defendant by a preponderance of the evidence which is credible.   He must absolve himself, or at least must not present in his testimony, or on his side of the case any negligence on his part which contributed to the cause of the injuries.   If there were no such contributory negligence, then, of course, if the injury resulted through the negligence of the defendant which is not to be presumed and must be proven, he would be entitled to compensation for the injuries sustained due to this negligence.   Under the whole evidence and in determining the amount of the damages, you must exercise reasonable, prudent, sane wisdom and experience and not allow yourselves to be swayed by passion or by prejudice, but determine the facts involved in this case as though both these parties stood upon an equal footing as private citizens."   With this clear and adequate instruction the jury found for the plaintiff, and in balancing the testimony and weighing that of each party by liberal citation from it, in his opinion filed, the learned trial judge came to the conclusion that as the plaintiff was struck almost the moment he went upon the track, he was undoubtedly mistaken as to the distance the car was from him—or else willfully misstated it, and under the authority of Bornscheuer v. Traction Co., 198 Pa. 332, and of Carroll v. Penna. R. R. Co., 12 W. N. C. 348,—concluded that the plaintiff's injuries were due to his own contributory negligence.   These cases have been frequently cited and have repeatedly been held to be of binding authority when the facts are similar, and, these cases are in their very nature applicable only to clear cases where the conclusion of contributory negligence is irresistible.

It may well be as stated by the trial judge in his opinion that the witness Mickey, was willing and voluble, but he was in a position to see the plaintiff before the collision and his testimony had doubtless considerable weight in determining the verdict.   He may have

been accounted by the jury just as intelligent and truthful as he was voluble.   Two witnesses had testified distinctly and positively that the car had made a stop at Logan street, and was at a standstill 282 feet distant when the plaintiff entered upon the tracks, and that the car was running at an excessive rate of speed in a congested part of the city, when it struck the wagon of the plaintiff just as it had nearly crossed the tracks in safety. We are not impressed with the mathematical demonstration of distances as suggested by the court when there is a conflict in regard to the speed of moving bodies.   There are so many elements to be considered which affect the result, the speed, grade, distance, etc., must be mathematically accurate to lead to a certain conclusion.   When all of these depend on oral testimony, more or less colored by interest, personal discernment and opportunity to judge by eyewitnesses may frequently furnish a more accurate narrative of a physical fact than a theoretical demonstration in figures.   Conyngham v. Electric Co., 15 Pa. Superior Ct. 537; Becker v. Traction Co., 52 Pa. Superior Ct. 93; Sheetz v. Traction Co., 49 Pa. Superior Ct. 177; Oehmler v. Railways Co., 25 Pa. Superior Ct. 617; McGovern v. Traction Co., 192 Pa. 344; Armstrong v. Traction Co., 216 Pa. 595; Connor v. Rys. Co., 50 Pa. Superior Ct. 629, clearly decide that in a case like the present one, the propriety of plaintiff's determination to cross the street, under the circumstances, the reasonableness of his conclusion or lack of it, should be submitted to a jury.   We said in Spahr v. Railways Co., 50 Pa. Superior Ct. 602, "The motorman had as conspicuous a view of the plaintiff as the latter had of the car.   The speed of the car was better known to the motorman than to a person facing its front, and its speed was entirely subject to his will."

Under the authorities we feel that the learned trial judge erred in setting aside the verdict, the judgment entered by him is reversed and judgment is directed to be entered on the verdict.