## McConnell, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street railways—Allegata & Probata—Variance.*

In an action of trespass against a street railway company, for personal injuries alleged to have been sustained through the negligent operation of a trolley car by defendant's employees, plaintiff averred in her statement of claim that "it [the car] was operated so that the door was closed upon the heel of the plaintiff while the plaintiff was in the act of alighting from the trolley car, thereby throwing her violently to the ground." At the trial plaintiff testified that her injuries were thus received: "But just as I was getting off the car, before I reached the ground the step was thrown up—put up, throwing me to the ground, and I was knocked unconscious."

In such case there is a material variance between the allegata and probata and the defendant should be afforded an opportunity to defend against the particular negligence relied upon by the plaintiff in her testimony.

Argued October 27, 1926. Appeal No. 244, October T., 1926, by plaintiff, from judgment of C. P. No. 3, Philadelphia County, June T., 1925, No. 8475, in the case of Hannah McConnell v. Philadelphia Rapid Transit Company. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover for personal injuries. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $509. Subsequently the court upon motion entered judgment non obstante veredicto for the defendant. Plaintiff appealed.

*Error assigned* was the entering of judgment in favor of the defendant.

*J. Kennard Weaver,* for appellant.—The variance was immaterial: Carpenter v. Vulcanite Portland

Cement Company, Appellant, 211 Pa. 551; Olsen v. Swartz, 30 C. C. 529; Stephenson v. Pennsylvania Railroad Co., 20 Pa. Superior Ct. 157; Curry v. Boro., 24 Pa. Superior Ct. 514; Cohn v. May, 210 Pa. 615.

*Chester N. Farr, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., December 15, 1926:

The action in the court below was trespass by appellant against the Philadelphia Rapid Transit Company to recover damages alleged to have been suffered by her through the negligent operation by its employes of a trolley car at the time she was alighting therefrom. The statement of claim contains the following averment: "It [the car] was operated so that the door was closed upon the heel of the plaintiff while the plaintiff was in the act of alighting from the trolley car, thereby throwing her violently to the ground," etc. At the trial appellant, plaintiff below, testified that her injuries were thus received: "But just as I was getting off the car, before I reached the ground the step was thrown up—put up, throwing me to the ground, and I was knocked unconscious," etc. Defendant moved for a non-suit upon the ground of the alleged variance between plaintiff's pleadings and proofs, which motion was denied. Defendant then introduced some evidence to the effect that plaintiff alighted from the car safely and was injured by stepping into a hole in the paving of the street after she had taken three or four steps away from the car. It also attempted to show that the car was so constructed that the step from which plaintiff alighted was rigid and could not have been thrown up as testified to by plaintiff. Three of defendant's witnesses so testified but they were contradicted by the motorman's testimony that the step upon this car did move up and down.

Defendant's point for binding instructions was

denied and the verdict was in favor of plaintiff. Both parties moved for a new trial, which motions were dismissed. Upon motion of the defendant for judgment n. o. v. the learned trial judge held in the opinion filed by him that there had been a variance so clear as to prevent a recovery and entered judgment in favor of the defendant, from which judgment plaintiff appealed to this court. In the opinion entering judgment for defendant it is pointed out that counsel for plaintiff had ample notice of the question of variance and failed to move to amend. It was argued here in behalf of plaintiff that the variance was trifling and immaterial to the main issue and our case of Oehmler v. Pittsburgh Railways Company, 25 Pa. Superior Ct. 617, is cited. It is expressly stated in the opinion in that case that the question of the alleged variance had not been raised in the court below and was not specifically covered by any assignment of error. On behalf of defendant it was argued that the variance was material because, if defendant had known prior to the trial that the negligence upon which plaintiff based her right to recover consisted in the negligent raising of the step, it would have been prepared to show by actual tests, regardless of the recollection of the motorman, that the step of the type of car from which plaintiff alighted could not be raised as testified to by her. The variance was so material that counsel for plaintiff should have moved to amend the statement of claim. In disposing of such motion the court below could have so controlled the trial as to afford the defendant an opportunity to defend against the particular negligence relied upon by plaintiff in her testimony. A majority of the members of this court are of opinion that under all the circumstances the interests of justice will be best served by directing that the case be retried.

The judgment is reversed with a venire.