## Schuchalter, Appellant, *v.* P. R. T. Co.

*Negligence—Street railways—Pedestrian—Crossing tracks—Contributory negligence—Presumption of speed—Notice.*

1. Where a pedestrian, on approaching a crossing over a street on which is a double track electric railway, sees a car in plain view two hundred feet away, walks over the first track and the space between the two tracks, and as he steps on the first rail of the second track is struck by the car, he is guilty of contributory negligence and cannot recover for his injuries.

2. A plaintiff in an accident case is not required to prove affirmatively he was not guilty of contributory negligence; but he must present a case free from such negligence.

3. Where a street car is stopped fifteen feet from the point where it has run down a pedestrian, the suggestion that is was run recklessly is negatived.

4. In such case the failure of the motorman to sound the gong is immaterial, as the pedestrian had notice by seeing the car.

Argued December 2, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 274, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1923, No. 2733, for defendant n. o. v., in case of Max Schuchalter v. Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $30,000. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment for defendant n. o. v., quoting record.

*Wm. A. Gray,* for appellant.—Plaintiff was not guilty of contributory negligence: Waltosh v. R. R., 259 Pa. 372; Griffith v. P. R. T. Co., 267 Pa. 81; Martin v. S.

P. T. Co., 261 Pa. 96; Brown v. White, 206 Pa. 106; Mallory v. Griffey, 85 Pa. 275; Bradwell v. R. R., 139 Pa. 404; Unger v. R. R., 217 Pa. 106.

Defendant's motorman was negligent: Smith v. Transit Co., 3 Pa. 129; Patterson v. Rys., 260 Pa. 214; Wagner v. Transit Co., 252 Pa. 354; Griffith v. Transit Co., 267 Pa. 81.

*Layton M. Schoch,* with him *John J. K. Caskie,* for appellee.—There was no sufficient evidence of any negligence of the motorman: Wolf v. Transit Co.. 252 Pa. 448; Moss v. Traction Co., 180 Pa. 389; Kline v. Traction Co. 181 Pa. 276; Tolson v. Transit Co., 248 Pa. 227; Doyle v. Transit Co., 261 Pa. 248.

The carelessness of plaintiff was the proximate and sole cause of the accident which befell him: Baker v. R. R., 182 Pa. 336; Boring v. Traction Co., 211 Pa. 594; Patton v. George, 284 Pa. 342.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

This suit, brought on account of injuries sustained by plaintiff in a crossing accident, resulted in a verdict in his favor, and, from judgment entered for defendant non obstante veredicto, he brings this appeal. Columbia Avenue, Philadelphia, extending in an easterly and westerly direction, is crossed at right angles by Twenty-Seventh Street. In the center of the former, defendant has a double track electric street railway, that to the north being westbound. On November 24, 1923, plaintiff drove a laundry wagon east in Columbia Avenue and, stopping on the west side of Twenty-Seventh Street, dismounted on the street side and started north across the avenue to visit a laundry office on the northwest corner of the intersection. As he came to the westbound track he was struck and seriously injured by a trolley car. Plaintiff was a young man in full possession of his faculties, it was broad daylight and no traffic was present, or near, to obstruct his view or distract his

attention.  He testified he saw the car coming when it was seven houses east of Twenty-Seventh Street, which, including the width of that street, would be over two hundred feet from the point of accident.  One witness for plaintiff says he was in the middle of the westbound track when struck.  As a matter of fact he had not reached the center of the track, for his body fell south of the south rail and his feet only were caught.  In any event he was struck the instant he stepped upon the track.  The car was in plain sight while plaintiff walked across so much of the cartway as was north of his wagon, also across the eastbound track, over the space between the tracks and onto the west bound track.  Under such circumstances, contributory negligence bars a recovery. See Baker v. R. R., 182 Pa. 336.  Plaintiff does not say he looked east after starting across the street, and it would have availed nothing had he so said.  For the rule stated by this court in Carroll v. Pennsylvania R. R. Co., 12 W. N. C. 348, that, "it is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive," has been reaffirmed in many subsequent cases and never departed from, but applies only to clear cases, of which this is one.  Flynn v. Pittsburgh Railways Co., 234 Pa. 335, holds that a woman struck by a street car the instant she stepped upon the track, of which she had a long, clear view, was guilty of contributory negligence.  In Crooks v. Pittsburgh Rys. Co., 216 Pa. 590, 592, it is held: "Where a foot passenger walks or steps directly in front of an approaching car, and is struck at the instant he sets his foot between the rails there is but one inference which can be reasonably drawn from that fact, and that is the inference of contributory negligence."  This is reaffirmed in Cunningham v. Phila. R. T. Co., 240 Pa. 194, 197.  Patton v. George et al., Receivers, 284 Pa. 342, holds that, "If a moving car is plainly visible, one who walks in front of it, and is immediately struck,

is guilty of negligence, regardless of evidence as to his having looked and listened." In the latter case we repeat what we have often said before, that (p. 344), "It is an inflexible rule that a traveler must look for approaching cars immediately before entering upon a street car track." We also there reaffirm the rule stated in Nolder v. Pennsylvania R. R. Co., 278 Pa. 495, that, "A pedestrian is guilty of contributory negligence if he approaches a double track railroad, stops, looks and listens, and then, without further stopping, walks over the first track and the space between the two tracks, and as he steps into the middle of the second track is struck by a passing train, which he could have seen by the merest glance if he had looked before committing himself to the second track." See also Barton v. Lehigh Valley Transit Co., 283 Pa. 577; Griffith v. Phila. R. T. Co., 267 Pa. 81.

A pedestrian may properly attempt to cross a street car track upon which a car is approaching, where there appears to be sufficient opportunity to do so safely (Murphy v. Phila. Rapid Transit Co., 285 Pa. 399; Patterson v. Pittsburgh Rys. Co., 260 Pa. 214; Schmidt v. Phila. R. T. Co., 253 Pa. 502; Henderson v. Traction Co., 202 Pa. 527; Callahan v. Traction Co., 184 Pa. 425), but not when to do so appears hazardous: Wolf v. Phila. Rapid Transit Co., 252 Pa. 448; Connor v. Pittsburgh Rys. Co., 50 Pa. Superior Ct. 629.

Appellant is right that a plaintiff is not required affirmatively to prove he was not guilty of contributory negligence. We have so held in numerous cases and do so again in Dattola et ux. v. Burt Bros., Inc., 288 Pa. 134. Murphy v. Phila. Rapid Transit Co., supra, is one of the latest cases announcing that principle. That such is the general American and English rule is shown in an exhaustive note to Oklahoma City v. Reed, 33 L. R. A. (N. S.) 1083. Plaintiff, however, must present a case free from contributory negligence and that he

did not do here because of the facts disclosed by the evidence on his behalf.

That the car stopped in ten or fifteen feet negatives the suggestion that it was run recklessly, and, inasmuch as plaintiff saw the approaching car, the failure to sound the gong was immaterial: Tolson v. Phila. R. T. Co., 248 Pa. 227. It is, however, unnecessary to pass upon the question of defendant's negligence, for, as we say in Wolf v. Phila. Rapid Transit Co., supra (p. 250): "One who voluntarily subjects himself to manifest danger cannot complain because others fail to exercise such a degree of care as to save him from harm."

The judgment is affirmed.