# Marshall *v.* Lehigh Valley Railroad Company, Appellant.

*Negligence—Railroads—Fright of horse—Proximate and re- mote cause—Operation of hand car—Case for jury—Evidence.*

1. In an action against a railroad company to recover damages for injuries resulting from the fright of a horse, the case is for the jury, where the evidence for the plaintiff tends to show that while driving a buggy near the defendant company's tracks his horse became frightened at steam escaping from an engine not operated by defendant, but by an independent contractor; that plaintiff had quieted his horse when he again became frightened at the approach of a hand car propelled by defendant's employees, over a public crossing; that the men on the hand car, although warned by plaintiff, failed to stop or slacken speed, as a result of which the horse ran away and caused the injuries for which the suit was brought. In such a case whether the proximate cause of the accident was the escaping steam or the negligent operation of the hand car was for the jury.

2. In a negligence case against a railroad company where the pleadings do not charge that a watchman at a crossing was in- competent, the trial judge cannot be convicted of reversible error in admitting testimony to describe the watchman, although such testimony incidentally bears upon the watchman's competency, if the judge clearly instructs the jury that there could be no recovery "for the negligence of the defendant in maintaining an incompe- tent watchman."

3. In a negligence case it is not grounds for reversing a judg- ment for plaintiff because the latter in answer to a question of his counsel as to how he would estimate the amount of business that

he had an opportunity to do and which he could not do by reason of his injury, answered "$500 a year," if it appears that defendant made no motion to strike out such non-responsive answer.

Argued March 18, 1913.   Appeal, No. 338, Jan. T., 1912, by Lehigh Valley Railroad Company, from judgment of C. P. Bradford Co., May T., 1908, No. 67, on verdict for plaintiff in case of L. G. Marshall v. John F. Dolan and Lehigh Valley Railroad Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries and injuries to property.   Before JOHNSON, P. J., specially presiding.   Before the trial the service on John F. Dolan was set aside and the suit proceeded against the railroad company alone.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000.   Defendants made a motion for judgment n. o. v., which was overruled and judgment entered on the verdict.   Defendants appealed.

*Errors assigned* were various rulings on evidence and instructions to the jury and refusal of judgment for defendants n. o. v.

*Edwin P. Young,* for appellant.

*D. C. DeWitt,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 31, 1913:
This is an action of trespass to recover damages for injuries to the plaintiff, his horse, and buggy which he alleges were caused by the reckless and negligent operation of a hand car on the defendant's road.   The first eight assignments allege error in the admission of certain testimony relating to the watchman at the crossing where the accident occurred.   Had the learned trial

judge followed his inclination, as disclosed by his remarks at the time, and rejected this testimony it would not have been error. As he pointed out, the negligence averred in the statement was not employing an incompetent watchman, but the reckless and careless handling of the hand car by the defendant's employees. In this view of the case, the incompetency or age of the watchman, as properly suggested by the learned counsel of the defendant company, was immaterial and did not affect the issue raised by the pleadings. We do not think, however, that the testimony did the defendant any harm in view of the remarks of the learned judge in admitting it that he would permit the plaintiff to show there was a watchman and a description of him, "as a matter of description of the place there and situation," but would not allow a recovery "for the negligence of the railroad company in maintaining an incompetent watchman." The learned court further said in admitting the testimony: "We see no objection to your stating that there was a watchman there, and who he was—anything to describe him in reference to the location there; but to show his incompetency, that is a specific act of negligence on the part of the company apart from the operation of this car."

The court instructed the jury very fully as to the measure of damages to which there was no exception taken by the appellant company. It complains, however, that the learned court erred in permitting a reply to the question put to the plaintiff by his counsel as to how he would estimate the amount of business that he had had an opportunity to do which he couldn't do by reason of the condition of his injured limb. The witness replied that he could only do so by estimation, and then was asked: "Well, how would you estimate that?" And the answer was: "$500 a year." This answer was not responsive to the question and might have been stricken out on motion of counsel. It is not a ground for reversing the judgment.

From the evidence it appears that on the morning of August 21, 1906, the plaintiff drove along the public road leading from Towanda to a place called Wysox. As he approached the intersection of the highway with the defendant company's railroad tracks and was turning to the right on a road leading to the fair grounds, his horse became frightened by the escape of steam from an engine, operated by one Dolan, an independent contractor under the defendant company, and one of the traces was broken. The driver turned the horse in the opposite direction and drove back to the watch-house, near the intersection of the highway with the defendant's tracks, and alighted to fix the broken trace. While he was repairing the trace, a hand car on the defendant's road approached the crossing from the north at a rapid and reckless speed, frightened the horse which got beyond the driver's control, and ran over the crossing and injured the plaintiff, the buggy, and the horse. The evidence, if believed, disclosed the fact that the plaintiff, seeing his danger, signalled the employees operating the approaching car, who were in full view of him, to stop or slacken the speed of the car, and that they disregarded the signal and passed the crossing at the same rapid speed. On the trial of the cause the plaintiff contended that the horse was over his fright caused by the escaping steam from the Dolan engine and was under his control when the hand car came in sight, and that by reason of the reckless and improper operation of the car the horse again became frightened and caused the injury complained of. The defendant's contention, on the other hand, is that the horse was frightened by the operation of the engine by Dolan, the independent contractor, and that this fright continued and was the cause of the plaintiff losing control of the animal and of the subsequent injury to the plaintiff and his property. The court submitted to the jury to determine what was the cause of the accident, whether it was the fright of the horse caused by the steam escaping from Dolan's engine or;

whether it was from the negligent operation of the defendant's hand car. The learned judge instructed the jury that if the injury was caused by the fright of the horse from Dolan's engine, there could be no recovery against the defendant, but that if after being frightened by the steam escaping from the engine the horse was over the fright and under control of the plaintiff and was subsequently frightened by the negligent operation of the defendant's car, the defendant would be liable. This was a correct exposition of the law of the case: 33 Cyclopedia of Law and Procedure, 795, 797.

There was sufficient evidence to warrant the jury in finding that the horse was over his first fright, caused by the escaping steam, and was under the control of the plaintiff before the hand-car approached the crossing, and that the car was operated in such way as to frighten the animal. That was the important and controlling question in the case, and it was submitted in a charge to which no error has been assigned. It is quite true that where the facts are undisputed the question of the proximate cause is for the court. But that rule can have no application here. As pointed out above, the facts were in dispute and the evidence was conflicting as to what caused the frightening of the horse which resulted in the plaintiff's injuries. If after the horse was first frightened by the steam escaping from Dolan's engine he continued unruly and beyond the control of the plaintiff until the accident happened, then, as the court told the jury, the defendant was not responsible for the injuries which resulted to the plaintiff. Under those facts, the cause of the frightening of the horse would have been Dolan's engine. This would relieve the defendant from liability for the plaintiff's injuries. On the other hand, if the first fright of the horse had passed and he was again quiet and under the control of the plaintiff, and subsequently was frightened by the reckless operation of the defendant's hand car, resulting in the injuries to the plaintiff, that would be the cause of the plaintiff's

injuries for which there could be a recovery. It is clear, therefore, that the proximate cause of the accident depended upon disputed facts which were exclusively within the jury's cognizance.

The judgment is affirmed.