## Stryker, Appellant, *v.* Montoursville Borough.

*Negligence—Boroughs—Fright of horse—Proximate cause.*

1. In an action against a borough to recover damages for personal injuries resulting from a horse taking fright at a cow tethered in a street of the borough, there is no case for the jury where it appears that after the fright caused by the cow, the horse became perfectly calm and still, and only took fright again after a burst of thunder. In such a case the tethered cow in the street was not the proximate cause of the accident.

*Constitutional law—Trial by jury—Act of April 22, 1905, P. L. 286.*

2. The Act of April 22, 1905, P. L. 286, which provides for the entry of judgment upon the whole record whenever a request for binding instructions has been reserved or delivered by the trial judge, is not a contravention of the right of trial by jury and is constitutional.

Argued Feb. 25, 1914. Appeal, No. 5, Feb. T., 1913, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1911, No. 119, for defendant non obstante veredicto in case of Samuel C. Stryker, administrator of Sarah E. Stryker and Samuel C. Stryker. Before RICE, P. J., HENDERSON, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BOUTON, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiffs.

Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*T. M. B. Hicks,* with him *W. M. Elliot,* for appellant. —The tethered cow was the proximate cause of the accident: North Manheim Twp. v. Arnold, 119 Pa. 380; Davis v. Corry, 154 Pa. 598; Vallo v. United States Express Co., 147 Pa. 404; Marshall v. Lehigh Val. R. R. Co., 240 Pa. 272.

The act of 1905 is unconstitutional: Van Swartow v. Com., 24 Pa. 131; Slocum v. New York L. Ins. Co., 228 U. S. 364; Pedersen v. Del., Lack. & West. R. R. Co., 229 U. S. 146.

*Seth T. McCormick,* with him *W. W. Champion* and *Seth T. McCormick, Jr.,* for appellee, cited as to proximate cause: West Mahanoy Twp. v. Watson, 116 Pa. 344; Lancaster v. Kissinger, 11 W. N. C. 151; Trout v. W. G. & M. Turnpike Road Co., 216 Pa. 119; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; cited as to the constitutionality of the act of 1905: Dalmus v. Kemble, 215 Pa. 410; Munn v. Pittsburg, 40 Pa. 364.

OPINION BY TREXLER, J., April 27, 1914:

On the evening of May 15, 1909, Mrs. Stryker in company with a friend, went for a carriage ride. While on their way home after dark, in the midst of a severe electric storm, with heavy thunder and vivid lightning, being at that time traveling east on Main street in a semi-rural portion of the borough of Montoursville, the horse Mrs. Stryker was driving, became frightened at a white cow tethered within the limits of the highway, but outside of the driving portion thereof, turned around, went across the highway near the sidewalk on the opposite side, stood quietly facing in the direction

from which they had just come, making no attempt to run away, or to be otherwise uncontrollable.   Mrs. Stryker's friend got out of the buggy for the purpose of driving the cow away, but when she approached the cow she discovered that it was tied.   She thereupon went back to Mrs. Stryker who was sitting quietly in the buggy, the horse and buggy being still in the same condition as they were at the time when Mrs. Stryker's friend first left them.   She then proceeded to go and get some one to unfasten the cow and take it away and after she had left the horse again became frightened, edged over near the fence and a defective rein becoming unfastened, Mrs. Stryker in attempting to do something which is not clearly set out in the testimony, got in between the dashboard and the horse, fell down and in some way became entangled between the shaft and the front wheel and was dragged up the street for some distance, the horse going at a gentle trot until stopped by passers-by.   This is almost verbatim, the statement of the trial judge taken from his opinion in entering judgment n. o. v., and an examination of the testimony shows that the facts as above set forth by the learned judge were undisputed.

The question of the negligence of the borough and of the contributory negligence of the plaintiff were both involved in the case.   Our present consideration need only be directed to the question whether there was enough testimony in the case to support a verdict for the plaintiff.   The court below entered judgment for the defendant.   In this we think it was right.   If we assume for the purpose of argument that the borough was negligent, the question remains, was the negligent act of the borough the proximate cause of the accident?   As stated in Gudfelder v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Co., 207 Pa. 629, "In determining whether a negligent act is the proximate, or remote cause of an injury, the jury must consider whether the facts constitute a succession of events so linked together

that they become a natural whole, or whether the chain of events is so broken that they become independent and the final result cannot be said to be the natural and probable consequence of the primary cause—the negligent act."

In referring to the above facts we find that the horse was frightened at a tethered cow, but turned away and was quiet and thereafter suddenly began to get frightened. This second fright of the horse, the plaintiff testified, was about the same time when there was a loud thunderclap. When asked whether the thunderclap made him turn around, she answered, "The clap, and darkness and everything, it all seemed to come at once." How could the jury in view of this testimony decide that the tethered cow caused the second fright of the horse without any other cause intervening. The counsel for the plaintiff seeks to answer this by saying that when the second fright of the horse occurred Mrs. Stryker exclaimed to the horse that it should not be frightened at the cow. This at best was only the expression of a momentary impression which her maturer judgment, as shown by her testimony, apparently did not confirm.

The case of Pittsburg Southern Railway Co. v. Taylor, 104 Pa. 306, is in point. In that case the defendant company had allowed several overturned freight cars to remain by the side of a public road overnight. Taylor drove his horse past the cars. The horse frightened and shied. After he had safely passed the cars he suddenly reared and ran away. Taylor stated that he believed the horse saw the top of the buggy and thought it was the cars following him. The court instructed the jury that if the horse was frightened by the sight of the cars and afterwards his fright increased by his mistaking the carriage top or some other object for the cars and then in his terror broke away from the plaintiff, the company would be liable; Justice PAXSON in commenting on this statement said: "This was throwing a question

of fact into the jury box which by no possibility could be determined by them except by guess. The horse had passed the obstruction in safety and according to the plaintiff's own statement, without being seriously alarmed. He then saw the carriage top or something else, and commenced jumping. How was the jury to ascertain the mental operation of the mind of the horse, whether we call it instinct or reason? There is no method of photographing such a thing, and the horse itself was an incompetent witness. No question of fact is too difficult for a modern jury, but a fact found without any means to ascertain it correctly is not entitled to much weight. The moment we reach a point in the trial of a cause where a question of fact becomes vital, and from the nature of things there is no method known to the law by which such a fact can correctly be ascertained, it is time for us to pause and examine our bearings."

The case of Marshall v. Lehigh Valley Railroad Co., 240 Pa. 272, cited in the appellant's brief, is not contrary to the above position. In that case there was a dispute as to the fact whether the horse was frightened by the steam which had escaped from an engine and that his fright continued, or whether the horse was over his fright caused by the escaping steam from the engine and was frightened when a handcar came into sight. This fact being in dispute had to be left to the jury. In the present case the fact that the horse was over his fright could not be disputed and there was an independent cause which was present at the time of the second fright which made it a mere conjecture on the part of the jury as to what the proximate cause of the horse's action was.

This case differs very much from the one above referred to. In that case the horse apparently was not seriously alarmed at the first fright. In this, however, the horse had apparently quieted down and the cause of his fright had disappeared.

The question as to whether in a joint action by husband and wife for injuries to the wife by the negligence of the defendant, brought during the life of the wife, the husband by amendment after her death can recover for loss of her comfort, society and service by her death need not be considered in view of the decision of this court that the decedent's administrator cannot recover. If she has no cause of action, he certainly has none.

There is one question still to be considered and that is the constitutionality of the Act of April 22, 1905, P. L. 286, which provides for the entry of judgment upon the whole record whenever a request for binding instructions has been reserved or declined by the trial judge. The question was no doubt raised in view of the case of Slocum v. New York Life Insurance Company, 228 U. S. 364, in which the supreme court of the United States has held that it was in contravention of the seventh amendment of the constitution of the United States to enter judgment non obstante veredicto against the plaintiff on the facts after the verdict of the jury thereon is in his favor. It would lengthen this opinion unduly if we would discuss this matter as fully as the subject might afford. The decision was rendered in a very elaborate opinion by Mr. Justice VAN DEVANTER occupying thirty-four pages of the Reporter and the dissenting opinion, which was joined in by four of the nine judges, twenty-eight pages. On page 377 of the opinion of the court it is decided that the decision does not apply to proceedings in the courts of the several states, but only to United States courts. We find no case in Pennsylvania where the constitutionality of the act of 1905 was questioned. In the case of Dalmas v. Kemble, 215 Pa. 410, Mr. Justice MITCHELL in speaking of the act refers to it as making no radical innovation on the settled line of distinction between the powers of the court and jury. It shows no intention to infringe, even if it could constitutionally do so, the province of the jury to pass upon the credibility of witnesses and

the weight of oral testimony.   The court has long had authority to direct a verdict for defendant when it was of opinion that the plaintiff, even if all his evidence be believed, has failed to make out his case.   But this had to be done offhand at the trial and a mistake of the judge either way resulted in delay and expense.   If he directed for defendant but on more deliberate examination or consideration came to the view that there was some evidence for the jury to pass upon, a new trial was the only remedy, while on the other hand if he refused a binding direction but later found that it should have been given, the same result followed, for after a question has been submitted to a jury and the fact found by them the power of the court to enter a contrary judgment on the ground that the evidence was insufficient is gone.   The reasoning of Chief Justice MITCHELL in the above case, although not addressed directly to the constitutionality of the act would apply to a case involving that question.

See also Wetzel v. Pittsburg Railways Co., 55 Pa. Superior Ct. 22.

We are of the opinion that the act of April 22, 1905, is not in contravention of the right of trial by jury and is constitutional.

Judgment affirmed.